133.    At all relevant times, as alleged above, the Defendants were fiduciaries within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A).

134.    As alleged above the defendants were all responsible, in different ways and to differing extents, for the selection, maintenance and monitoring of the Plan's investment options, including the option of Company Stock.

135.    Under ERISA, fiduciaries who exercise discretionary authority or control over management of a plan or disposition of a plan's assets are responsible for ensuring that investment options made available to participants under a plan are prudent. Furthermore, such fiduciaries are responsible for ensuring that assets within the plan are prudently invested. The Defendants were responsible for ensuring that all investments in the CVS Stock Fund in the Plan were prudent, and are liable for losses incurred as a result of such investments being imprudent.

136.    Moreover, a fiduciary's duty of loyalty and prudence require it to disregard plan documents or directives that it knows or reasonably should know would lead to an imprudent result or would otherwise harm plan participants or beneficiaries. ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D). Thus, a fiduciary may not blindly follow plan documents or directives that would lead to an imprudent result or that would harm plan participants or beneficiaries, nor allow others, including those whom they direct or who are directed by the plan to do so.

137.    The defendants breached their duties to prudently and loyally manage the Plan's assets. During the Class Period these defendants knew or should have known that CVS Stock was not a suitable and appropriate investment for the Plan as described herein for either (1) CVS Stock purchased through participant contributions to the Plan, or (2) CVS Stock accumulated by the Plan through Company matching contributions. Nonetheless, during the Class Period, these fiduciaries

37

continued to offer the CVS Stock as an investment option for the Plan. Moreover, during the Class Period, despite their knowledge of the imprudence of the investment, defendants failed to take adequate steps to prevent the Plan, and indirectly the Plan participants and beneficiaries, from suffering losses as a result of the Plan's investment in CVS Stock.

138.    The fiduciary duty of loyalty also entails a duty to avoid conflicts of interest and to resolve them promptly when they occur.  A fiduciary must always administer a plan with single-minded devotion to the interests of the participants and beneficiaries, regardless of the interests of the fiduciaries themselves or the plan sponsor.

139.    The defendants also breached their co-fiduciary obligations by, among other failures, knowingly participating in, making no effort to remedy, and/or knowingly undertaking to conceal, their fellow defendant-fiduciaries' failure to prudently and loyally manage Plan assets in the exercise of their discretion with respect to the offering Company Stock as an investment option in the Plan, despite knowing that such failures were breaches of their ERISA-mandated fiduciary duties.

140.    Defendants named in this Count were unjustly enriched by the fiduciary breaches described in this Count.

141.    As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plan, and indirectly Plaintiff and the Plan's other participants and beneficiaries, lost a significant portion of their retirement investment.

142.    Pursuant to ERISA §502(a), 29 U.S.C. §1132(a) and ERISA §409, 29 U.S.C. §1109(a), defendants in this Count are liable to restore the losses to the Plan caused by their breaches of fiduciary duties alleged in this Count.

## COUNT II

**Failure to Monitor the Plan Committee and Provide It With Accurate Information
(Breaches of Fiduciary Duties in Violation of ERISA
§404 by CVS and the Director Defendants)**

143.    Plaintiff incorporates the allegations contained in the previous paragraphs of this complaint as if fully set forth herein.

144.    At all relevant times, as alleged above, CVS and the Director Defendants were fiduciaries within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A).

145.    At all relevant times, as alleged above, the scope of the fiduciary responsibility of CVS and the Director Defendants included the responsibility to monitor other fiduciaries.

146.    The duty to monitor entails both giving information to and reviewing the actions of the monitored fiduciaries (including, inter alia, the Plan Committee and Plan Administrator). In this case, that meant that the monitoring fiduciary, CVS and the Director Defendants, had the duty to:

a.    Ensure that the monitored fiduciaries possessed the needed credentials and experience, or use qualified advisors and service providers to fulfill their duties. They must be knowledgeable about the operations of the Plan, the goals of the Plan, and the behavior of Plan participants.

b.    Ensure that the monitored fiduciaries had ready access to such outside, impartial advisors, counsel, and experts when needed.

c.    Ensure that the monitored fiduciaries were provided with adequate financial resources to do their job.

d.    Ensure that the monitored fiduciaries had adequate information and to do their job of overseeing the Plan investments.

39

e.    Ensure that the monitored fiduciaries maintained adequate records of the information on which they based their decisions and analysis with respect to Plan investment options.

f.    Ensure that the monitored fiduciaries reported regularly to the Company. The Company must then review, understand, and approve the conduct of the hands-on fiduciaries.

147.    Under ERISA, a monitoring fiduciary must ensure that the monitored fiduciaries are performing their fiduciary obligations, including those with respect to the investment of plan assets, and must take prompt and effective action to protect the plan and participants when they are not. The duty to monitor encompasses a duty to periodically monitor the performance of the appointees so as to ensure compliance with their fiduciary duties under ERISA and the plan.

148.    The duty of prudence requires that appointing fiduciaries have procedures in place so that on an ongoing basis they may review and evaluate whether investment fiduciaries are doing an adequate job (for example, by requiring periodic reports on their work and the plan's performance, and by ensuring that they have a prudent process for obtaining the information and resources they need). In the absence of a sensible process for monitoring their appointees, the appointing fiduciaries would have no basis for prudently concluding that their appointees were faithfully and effectively performing their obligations to plan participants or for deciding whether to retain or remove them.

149.    Furthermore, a monitoring fiduciary must provide the monitored fiduciaries with complete and accurate information in their possession that they know or reasonably should know that the monitored fiduciaries must have in order to prudently manage the plan and the plan assets.

150.    CVS and the Director Defendants breached their fiduciary monitoring duties by, among other things, (a) failing to ensure that the monitored fiduciaries had access to knowledge about the Company's business improprieties alleged above, which made Company Stock an imprudent retirement investment, and (b) failing to ensure that the monitored fiduciaries appreciated the substantial risk inherent in the significant investment by rank and file employees in an undiversified employer stock fund. CVS and the Director Defendants knew or should have known that the fiduciaries they were responsible for monitoring were imprudently allowing the Plan to continue offering CVS Stock as a Plan investment, and continuing to invest in CVS Stock when it no longer was prudent to do so, yet failed to take action to protect the participants from the consequences of these fiduciaries' failures.

151.    In addition, as a result of its inappropriate practices and implicit knowledge thereof, CVS and the Director Defendants, in connection with their monitoring and oversight duties, were required to disclose to the monitored fiduciaries accurate information about the financial condition and practices of CVS that it knew or should have known that these defendants needed to make sufficiently informed decisions. By remaining silent and continuing to conceal such information from the other fiduciaries, defendants breached their monitoring duties under the Plan and ERISA.

152.    CVS and the Director Defendants are liable as a co-fiduciaries because: (1) they knowingly participated in the fiduciary breaches by their fellow defendant-fiduciaries in the activities implicated in this Count; (2) they enabled the breaches by these defendants; and (3) they had knowledge of these breaches yet failed to make any effort to remedy them.

153.    Defendants in this Count were unjustly enriched by the fiduciary breaches described in this Count.

41

154.    As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plan, and indirectly Plaintiff and the Plan's other participants and beneficiaries, lost a significant portion of their retirement investment.

155.    Pursuant to ERISA §502(a), 29 U.S.C. §1132(a) and ERISA §409, 29 U.S.C. §1109(a), Defendants in this Count are liable to restore the losses to the Plan caused by their breaches of fiduciary duties alleged in this Count.

### COUNT III

**Failure to Provide Complete and Accurate Information
to Plan Participants and Beneficiaries
(Breaches of Fiduciary Duties in Violation of ERISA §§404 and 405 of ERISA)**

156.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

157.    At all relevant times, as alleged above, Defendants were fiduciaries within the meaning of ERISA §3(21)(A), 29 U.S.C.§1002(21)(A).

158.    At all relevant times, the scope of the fiduciary responsibility of the defendants included Plan communications and material disclosures.

159.    The duty of loyalty under ERISA requires fiduciaries to speak truthfully to participants, not to mislead them regarding the plan or plan assets, and to disclose information that participants need in order to exercise their rights and interests under the plan. This duty to inform participants includes an obligation to provide participants and beneficiaries of the Plan with complete and accurate information, and to refrain from providing false information or concealing material information regarding Plan investment options, such that participants can make informed decisions

42

with regard to the prudence of investing in such options made available under the Plan. This duty applies to all Plan investment options, including investment in CVS Stock.

160. Because investment in the Plan was not diversified (i.e., the Defendants chose to invest the Plan's assets, and/or allow those assets to be invested, so heavily in CVS Stock), such investment carried with it an inherently high degree of risk. This inherent risk made the defendants' duty to provide complete and accurate information particularly important with respect to CVS Stock.

161. The defendants breached their duty to inform participants by failing to provide complete and accurate information regarding CVS Stock, CVS's financial and business improprieties, public misrepresentations and inflated earnings, and the consequent artificial inflation of the value of CVS Stock and, generally, by conveying inaccurate information regarding the soundness of CVS Stock and the prudence of investing retirement contributions in CVS Stock. These failures were particularly devastating to the Plan and the participants; a significant percentage of the Plan's assets were invested in CVS Stock during the Class Period and, thus, losses in this investment had an enormous impact on the value of participants' retirement assets.

162. Defendants in this Count are also liable as co-fiduciaries because (1) they knowingly participated in and knowingly undertook to conceal the failure of the other fiduciaries to provide complete and accurate information regarding CVS Stock, despite knowing of their breaches; (2) they enabled such conduct as a result of their own failure to satisfy their fiduciary duties; and (3) they had knowledge of the other fiduciaries' failures to satisfy their duty to provide only complete and accurate information to participants, yet did not make any effort to remedy the breaches.

163. Where a breach of fiduciary duty consists of, or includes, misrepresentations and omissions material to a decision by a reasonable Plan participant that results in harm to the

43

participant, the participant is presumed as a matter of law to have relied upon such misrepresentations and omissions to his or her detriment. Here, the above-described statements, acts and omissions of the defendants in this complaint constituted misrepresentations and omissions that were fundamentally deceptive concerning the prudence of investments in CVS Stock and were material to any reasonable person's decision about whether or not to invest or maintain any part of their invested Plan assets in CVS Stock during the Class Period. Plaintiff and the other Class members are therefore presumed to have relied to their detriment on the misleading statements, acts, and omissions of the Defendants as described herein.

164.    Defendants in this Count were unjustly enriched by the fiduciary breaches described in this Count.

165.    As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plan, and indirectly Plaintiff and the Plan's other participants and beneficiaries, lost a significant portion of their retirement investment.

166.    Pursuant to ERISA §502(a)(2), 29 U.S.C. §1132(a)(2) and ERISA §409, 29 U.S.C. §1109(a), defendants in this Count are liable to restore the losses to the Plan caused by their breaches of fiduciary duties alleged in this Count.

## COUNT IV

### Breach of Duty to Avoid Conflicts of Interest
### (Breaches of Fiduciary Duties in Violation of ERISA §§404 and 405 of ERISA)

167.    Plaintiff incorporates the allegations contained in the previous paragraphs of this complaint as if fully set forth herein.

44

168.    At all relevant times, as alleged above, defendants were fiduciaries within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A).

169.    ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A), imposes on a plan fiduciary a duty of loyalty, that is, a duty to discharge his/her duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and its beneficiaries.

170.    Defendants breached their duty to avoid conflicts of interest and to promptly resolve them by, inter alia, failing to engage independent fiduciaries who could make independent judgments concerning the Plan's investment in the CVS Stock; failing to notify appropriate federal agencies, including the United States Department of Labor, of the facts and transactions which made CVS Stock an unsuitable investment for the Plan; failing to take such other steps as were necessary to ensure that participants' interests were loyally and prudently served; with respect to each of these above failures, doing so in order to prevent drawing attention to the Company's inappropriate practices; and by otherwise placing the interests of the Company above the interests of the participants with respect to the Plan's investment in Company Stock.

171.    As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plan, and indirectly Plaintiff and the Plan's otherwise participants and beneficiaries, lost a significant portion of their retirement investment.

172.    Pursuant to ERISA §502(a)(2), 29 U.S.C. §1132(a)(2) and ERISA §409, 29 U.S.C. §1109(a), defendants in this Count are liable to restore the losses to the Plan caused by their breaches of fiduciary duties alleged in this Count.

## REMEDY FOR BREACHES OF FIDUCIARY DUTY

45

173.   The defendants breached their fiduciary duties in that they knew or should have known the facts as alleged above, and therefore knew or should have known that the Plan's assets should not have been so heavily invested in Company stock.

174.   As a consequence of the defendants' breaches, the Plan suffered significant losses.

175.   ERISA §502(a)(2), 29 U.S.C. §1132(a)(2) authorizes a plan participant to bring a civil action for appropriate relief under ERISA §409, 29 U.S.C. §1109. Section 409 requires "any person who is a fiduciary . . . who breaches any of the . . . duties imposed upon fiduciaries . . . to make good to such plan any losses to the plan . . . ." Section 409 also authorizes "such other equitable or remedial relief as the court may deem appropriate . . . ."

176.   With respect to calculation of the losses to a plan, breaches of fiduciary duty result in a presumption that, but for the breaches of fiduciary duty, the participants and beneficiaries in the plan would not have made or maintained its investments in the challenged investment and, where alternative investments were available, that the investments made or maintained in the challenged investment would have instead been made in the most profitable alternative investment available. In this way, the remedy restores the values of the plan's assets to what they would have been if the plan had been properly administered.

177.   Plaintiff and the Class are therefore entitled to relief from the defendants in the form of: (1) a monetary payment to the Plan to make good to the Plan the losses to the Plan resulting from the breaches of fiduciary duties alleged above in an amount to be proven at trial based on the principles described above, as provided by ERISA §409(a), 29 U.S.C. §1109(a); (2) injunctive and other appropriate equitable relief to remedy the breaches alleged above, as provided by ERISA §§409(a) and 502(a)(2-3), 29 U.S.C. §§ 1109(a) and 1132(a)(2-3); (3) reasonable attorney fees and

46

expenses, as provided by ERISA §502(g), 29 U.S.C. §1132(g), the common fund doctrine, and other applicable law; (4) taxable costs and (5) interests on these amounts, as provided by law; and (6) such other legal or equitable relief as may be just and proper.

178.    Each defendant is jointly liable for the acts of the other defendants as a co-fiduciary.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A.    A Declaration that the defendants, and each of them, have breached their ERISA fiduciary duties to the Participants;

B.    An Order compelling the defendants to make good to the Plan all losses to the Plan resulting from defendants' breaches of their fiduciary duties, including losses to the Plan resulting from imprudent investment of the Plan's assets, and to restore to the Plan all profits the defendants made through use of the Plan's assets, and to restore to the Plan all profits which the participants would have made if the defendants had fulfilled their fiduciary obligations;

C.    Imposition of a Constructive Trust on any amounts by which any defendant was unjustly enriched at the expense of the Plan as the result of breaches of fiduciary duty;

D.    An Order enjoining defendants, and each of them, from any further violations of their ERISA fiduciary obligations;

E.    Actual damages in the amount of any losses the Plan suffered, to be allocated among the participants' individual accounts in proportion to the accounts' losses;

47

F.    An Order that defendants allocate the Plan's recoveries to the accounts of all participants who had any portion of their account balances invested in Company stock maintained by the Plan in proportion to the accounts' losses attributable to the decline in the price/value of Company stock;

G.    An Order awarding costs pursuant to 29 U.S.C. §1132(g);

H.    An Order awarding attorneys' fees pursuant to 29 U.S.C. §1132(g) and the common fund doctrine; and

I.    An Order for equitable restitution and other appropriate equitable monetary relief against the defendants.

DATED: October 27, 2004

Respectfully submitted,

LAW OFFICES
BERNARD M. GROSS, P.C.

By: _____
Deborah R. Gross (Bar #546151)
1515 Locust Street, 2nd Floor
Philadelphia, PA 19102
Telephone:  215-561-3600
Facsimile:  215-561-3000

OF COUNSEL:

**MORRIS AND MORRIS LLC
  COUNSELORS AT LAW**
Karen L. Morris
Patrick F. Morris
1105 N. Market Street, Suite 803
Wilmington, DE 19801
Telephone: 302-426-0400
Facsimile: 302-426-0406

48

Law Offices of Bruce G. Murphy
Bruce G. Murphy
265 Llwyds Lane
Vero Beach, FL   32963
(828) 737-0500