FILED
IN CLERKS OFFICE

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS 2005 FEB 28 P 4: 20

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| In re CVS CORPORATION SECURITIES LITIGATION : | Civil Action No. 01-11464-JLT |
| : | |
| JAMES FESCINA, Individually and On : <br> Behalf of All Others Similarly Situated : | |
| : | Civil Action No.  04-12309-JLT |
| Plaintiff : | |
| : | |
| vs. : | |
| : | |
| CVS CORPORATION, THOMAS M. : <br> RYAN, STANLEY P. GOLDSTEIN, : <br> EUGENE APPLEBAUM, W. DON : <br> CORNWELL, THOMAS P. GERRITY, : <br> MARIAN L. HEARD, WILLIAM H. : <br> JOYCE, TERRENCE MURRAY, : <br> SHELI Z. ROSENBERG, IVAN G. : <br> SEIDENBERG, and UNKNOWN : <br> FIDUCIARY DEFENDANTS 1-100 : | |
| : | |
| Defendants : | |

## ERISA PLAINTIFF'S OPPOSITION TO
## DEFENDANTS' MOTION TO CONSOLIDATE

Plaintiff James Fescina ("ERISA Plaintiff") respectfully submits the following opposition to defendants' motion to consolidate the above-captioned ERISA class action litigation (the "ERISA Action") with two other cases against CVS currently pending in this Court, namely a federal securities class action litigation, captioned In Re CVS Corporation Securities Litigation, C.A. No. 01-11464-JLT (the "Securities Action"), and a derivative litigation, captioned Krantz v. Ryan, et al.,

C.A. No 04-12650-REK (the "Derivative Action"). The ERISA Plaintiff respectfully opposes the Securities Action defendants' motion to consolidate his case with the Securities Action because such motion fails to reasonably take into consideration the materially distinct procedural postures of these two cases at this time -- one only just served, and the other having already completed over three and one-half years of vigorous discovery and motion practice.

As detailed below, the ERISA Plaintiff respectfully contends that taking fully into account reasonable efficiencies offered by access to discovery obtained in connection with the Securities Action, it would require one year for him to complete necessary additional discovery unique to his claims, litigate all motion practice, and be prepared to proceed to trial in his case.

## PROCEDURAL POSTURE

The ERISA Action is a class action brought pursuant to §502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132. The CVS ERISA Action alleges that the ERISA defendants breached their fiduciary duties to plan participants in multiple ways, including: (i) by failing to prudently and loyally manage plan assets, in violation of ERISA §404; (ii) by failing to monitor the plan committee and provide it with accurate information, in violation of ERISA §404; (iii) by failing to provide complete and accurate information to plan participants and beneficiaries, in violation of ERISA §§404 and 405; and (iv) by failing reasonably to avoid conflicts of interest, in violation of ERISA §§404 and 405.

Because the ERISA Action alleges breach of fiduciary duty claims against fiduciaries of the Company's 401(k) plan, it encompasses multiple named defendants different from the two named defendants in the Securities Action. Specifically, the ERISA Action names as defendants CVS Corporation (in its capacity as plan sponsor), each of the ten (10) individual members of the Board

2

of Directors of CVS (based on their specifically directed plan monitoring responsibilities, including the appointment and oversight of critical plan administrative personnel), at least three named but as yet unidentified senior executives of the company, including the Senior Vice President, Human Resources, who comprise the Plan Committee (based on their specifically designated administrative and operational responsibilities over the plan), as well as other as yet unidentified plan fiduciaries with other administrative and/or monitoring responsibilities over the plan (collectively, the "ERISA Defendants").[1]

The ERISA Plaintiff respectfully contends that this substantial divergence with the Securities Action on both the actual named defendants and the underlying claims at issue in his ERISA Action is critical to appreciate the scope and nature of the additional, ERISA specific discovery, both documentary and deposition, that will need to be taken in his case. Such discovery is critical to understanding the conduct of these named defendants operating at various levels within the Company preceding and during the Class Period to determine their knowledge of the underlying misconduct, and to assess whether their conduct under the circumstances constituted a breach of their fiduciary duties to the plan and plan participants at CVS. This discovery will also assist in accurately assessing the ERISA-based damages owed by the defendants to the plan.

## EFFECTIVE LITIGATION OF THE ERISA ACTION

The CVS ERISA Action was filed on October 29, 2004, and the ERISA Defendants returned an executed waiver of service on January 27, 2005. Contemporaneous with the filing of the present motion in mid-February, 2005, discussions have ensued pursuant to which counsel for the ERISA

---

[1]     The single overlap of individual defendants with the Securities Action is Thomas M. Ryan, Company Chief Executive Officer and Chairman of the Board.

3

Plaintiff have agreed to be bound by the confidentiality order previously entered into in the Securities Action. The ERISA Defendants have now produced the relevant 401(k) plan (previously requested by plaintiff in October 2004 in his capacity as a participant in the Company's 401(k) plan but not previously provided). In addition, they produced on Friday, February 25, 2005 seven boxes of documents which include inter alia deposition transcripts and exhibits, as well as the summary judgment briefing filed in the Securities Action. As part of these discussions, counsel for the ERISA Plaintiff have notified counsel for the ERISA Defendants of their client's intention to amend his complaint upon review of the presently produced discovery.

Taking into account the discovery and motion practice schedule set by this Court in the Securities Action over the preceding three and one-half years since the filing of that complaint, and the reasonable efficiencies access to the discovery in the Securities Action would offer, the ERISA Plaintiff respectfully submits the following litigation schedule as reasonable in his case, barring unforeseen circumstances which could act to extend these dates:

- Review of presently produced discovery directed at the underlying misrepresentations at issue in the Securities Action, and filing of his amended ERISA Action complaint - 45 days (contrast with eight months to file the consolidated and amended complaint in the Securities Action);

- Motion practice on the Motion to Dismiss - 90 days (contrast with six months in the Securities Action),

- Merits discovery and depositions relevant to the ERISA claims (running concurrently with the motion to dismiss motion practice should the Court so direct) - six months

4

(contrast with sixteen months for such discovery regarding the fraud claims in the
Securities Action);[2]

• Expert reports and concomitant deposition discovery - four months (contrast with six
months in the Securities Action);[3]

• Motion practice on the motion for summary judgment - three months (similar to that
in the Securities Action)

As reflected by the above, despite the defendants' implications of minimal delay to the
currently scheduled May 2005 trial date in the Securities Action should this Court order
consolidation (see e.g. Reply Brief at 3-4), the effective litigation of the ERISA Action, fully taking
into account likely efficiencies to be gained by access to the discovery marshaled in the Securities
Action to date, would reasonably permit a trial date in the ERISA Action in April or May of 2006 --
a year after the currently scheduled trial date in the Securities Action. The ERISA Plaintiff would
be substantially prejudiced by a "rush" to trial. The defendants' effort to gloss over the differences
in the proof required for the two cases and the necessary additional discovery required to properly

---

[2]     The ERISA Plaintiff respectfully notes that only one of the minimum of at least
13 individual defendants in the ERISA Action was deposed in the Securities Action. Moreover,
as described above, effective litigation of the ERISA Action will require additional discovery --
both documentary and deposition -- concerning the specialized obligations and responsibilities of
the individual defendants in their capacity as fiduciaries of the Company's 401(k) plan, and
whether their actions and failures to act as alleged in the ERISA complaint constitute breaches of
those fiduciary duties.

[3]     As detailed herein, because of inter alia the different nature of the underlying
duties and responsibilities of the named defendants alleged in the ERISA Action, and the nature
of the misconduct at issue as fiduciaries of the plan, the expert discovery under the ERISA
Action will be distinct from that in the Securities Action.

litigate the ERISA Action in order to accommodate consolidation of the actions is inconsistent with the realistic requirements of the proper litigation of the ERISA claims.

Federal courts have found that if "unnecessary costs or delay will result from consolidation, the court should not order the matters consolidated." U.S. v. St. Pierre, 188 F.R.D. 415, 417(M.D. Fla. 1999). Of the cases cited, Data General Corp. v. Grumman Systems Corp., 834 F. Supp. 477 (D.Mass. 1992) is the most apposite. There the court denied a motion for consolidation relying heavily on the fact that one case was ready for trial and consolidation would "...entail reopening discovery, renewing motion practice, and adding issues to an already complex case." Id. at 488. The Court in Data General found further that although there were common issues of fact and law, "I do not believe that convenience or economy will be served by consolidation." Defendants leave this authority unaddressed. See also Figueroa v.Dinito, 2003 U.S. Dist. LEXIS 23825, *9 (D.R.I. Dec. 15, 2003); Willard v. Town of Lunenburg, 202 F.R.D. 57, 59 (D.Mass. 2001). Defendants leave Figueroa and Willard unaddressed as well.[4]

---

[4]    Moreover, cases cited by defendants to the contrary are distinguishable.  For example, unlike here, In re PRI Automation, Inc. Sec. Litig., 145 F.Supp.2d 138, 140 (D. Mass. 2001) this Court ordered consolidation of multiple, simultaneously filed 10(b) securities fraud cases where "[t]he complaint filed in each of these five cases is in essence the same complaint, including the same named defendants and the same allegations in support of the claims. Only the named plaintiffs differ.", and in Rohm & Haas Co. v. Mobil Corp., 525 F. Supp. 1298, 1310 (D.Del. 1981) the court ordered consolidation because it found, inter alia, that neither case would "soon be ready for trial."  In addition, in In re UnumProvident Corp. Sec., Derivative & "ERISA" Litig., 280 F.Supp.2d 1377 (J.P.M.L 2003), In re Xcel Energy Inc., Sec., Derivative & "ERISA" Litig., 254 F.Supp.2d 1368 (J.P.M.L 2003) and In re Enron Corp. Sec., Derivative & "ERISA" Litig., 196 F.Supp.2d 1375 (J.P.M.L. 2002) all of the underlying actions were filed basically simultaneously, rather than three and one-half years apart as occurred here.

## CONCLUSION

For the reasons set forth above, the ERISA Plaintiff respectfully opposes defendants' motion

to consolidate.

Date: February 28, 2005                         Respectfully submitted,

                                                **LAW OFFICES**
                                                **BERNARD M. GROSS, P.C.**

                                                By: _Deborah R. Gross_____
                                                Deborah R. Gross (Bar #546151)
                                                1515 Locust Street, 2nd Floor
                                                Philadelphia, PA 19102
                                                Telephone: 215-561-3600
                                                Facsimile: 215-561-3000

OF COUNSEL:

**MORRIS AND MORRIS LLC**
   **COUNSELORS AT LAW**
Karen L. Morris
Patrick F. Morris
1105 N. Market Street, Suite 803
Wilmington, DE 19801
Telephone: 302-426-0400
Facsimile: 302-426-0406

Law Offices of Bruce G. Murphy
Bruce G. Murphy
265 Llwyds Lane
Vero Beach, FL   32963
(828) 737-0500

7

## CERTIFICATE OF SERVICE

I, Deborah R. Gross, Esquire, hereby certify that a true and correct copy of the foregoing ERISA PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE was served on the below listed counsel on this 28th day of February, 2005 by first class mail, postage prepaid.

Michael S. Gardener, Esquire
Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.
One Financial Center
Boston, MA 02111
Telephone: 617-542-6000

Dennis E. Glazer, Esquire
Trisha Lawson, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
Telephone: 212-450-4000

Attorneys for Defendants CVS Corporation, Thomas M. Ryan and David B. Rickard

Karen L. Morris, Esquire
Patrick F. Morris, Esquire
Morris and Morris LLC
Counselors at Law
1105 N. Market Street, Suite 803
Wilmington, DE 19801
Telephone: 302-426-0400

Deborah Clark Weintraub, Esquire
Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza
New York, NY 10119
Telephone: 212-594-5300

Attorneys for Plaintiffs

/s/ Deborah R. Gross
**DEBORAH R. GROSS (Bar #546151)**