**MORRIS and MORRIS LLC**
**COUNSELORS AT LAW**
4001 Kennett Pike, Suite 300
Greenville, DE 19807
(302) 426-0400
(302) 426-0406 (f)
firm@morrisandmorrislaw.com

Morris and Morris LLC Counselors at Law is a law firm whose practice is concentrated principally in representative and class action litigation, including derivative, securities and antitrust litigation. The firm represents consumers and investors in class actions and is active in major litigations pending in federal and state courts throughout the United States.

<u>The Partners:</u>

Karen L. Morris is a graduate of Yale University (B.A. 1980, M.A. 1980) and of the Duke University School of Law (J.D. 1983). Thereafter, Ms. Morris served as a law clerk to the late Daniel L. Herrmann, then Chief Justice of the Supreme Court of the State of Delaware. Ms. Morris was a founding partner in 1991 of Morris and Morris, the predecessor firm to the present firm of Morris and Morris LLC Counselors at Law. Ms. Morris previously practiced with the firm of Fried, Frank, Harris, Shriver & Jacobson, New York, New York, from 1984 through 1990. While at Fried, Frank, she was principally involved in accounting and securities fraud litigation, both civil and criminal, complex tax litigation, and litigation in connection with merger and acquisition transactions. Ms. Morris served on the Permanent Lawyers Advisory Committee to the Federal District Court for the District of Delaware between 1992 and 1994. Ms. Morris has been a member of the National Association of Securities and Commercial Law Attorneys since 1991; the Federal Bar Council since 1996; the Institute for Law and Economic

Policy since 1997; and the Committee to Support Antitrust Law since 1998. Ms. Morris is admitted to the Bars of the States of New York and Delaware; the United States District Courts for the Southern District of New York, Eastern District of New York and the District of Delaware; United States Court of Appeals for the Third Circuit Court; and the United States Tax Court.

Patrick F. Morris is a graduate of West Point (B.S. 1978) and of the Duke University School of Law (J.D. 1983), where he graduated Order of the Coif. Mr. Morris has been a member of the Firm since November 1994. Prior to joining the Firm as an associate in 1991, Mr. Morris served as a Major in the Office of the Judge Advocate General with the Department of the Army. Mr. Morris is a member of the Bars of the States of Florida and Delaware.

Our Practice:

The practice of the Firm has been substantially devoted to the field of representative litigation, both class and derivative, in the fields of securities, antitrust, and limited partnership representation. Illustrative of the cases in which the Firm has participated are the following:

(a)  <u>Charlotte Kruman, et al. v. Christie's International PLC, et al.</u>, Civil Action 00 Civ. 0996 (LAK) (S.D.N.Y.) The Firm is one of the principle counsel in this federal antitrust class action litigation brought on behalf of buyers and sellers in auctions held outside of the United States by the Christie's and Sotheby's Auction Houses between 1993 and 2000 (for buyers) and 1995 and 2000 (for sellers). Plaintiffs' Sherman Act claims were originally dismissed by the District Court due to a finding of lack of subject matter jurisdiction based upon the then-current interpretation of the Foreign Trade Antitrust Improvements Act, 15 U.S.C. §6a. Plaintiffs' counsel were

successful in their appeal to the Second Circuit, causing that Circuit to be the first in the country to interpret the Foreign Trade Antitrust Improvements Act to provide jurisdiction to U.S. courts for alleged antitrust violations that occur outside of the United States, a finding that has since been endorsed by the D.C. Circuit. On June 2, 2003, the Court approved a settlement providing for the payment of $40 million for the benefit of class members.

   (b)  <u>Mutual Fund Multi-District Litigation</u>, MDL Civil Action Nos. 04-15862 and 15863 (D. Maryland). The Firm is co-counsel in a series of derivative actions against the parent companies of investment advisors arising out of allegations regarding late trading and market timing in the mutual fund industry. These case include actions against officers, directors, and certain affiliated parties of Alliance Capital, Marsh & McLellan, Janus Capital and Bank of America. The Firm serves as Lead Counsel in the Alliance and Marsh & McLellan litigations, and Ms. Morris recently argued on behalf of plaintiffs against Bank of America's motion to dismiss the derivative action involving certain of Bank of America's officers and directors. The Firm has played a central role in both the management and litigation of these parent derivative cases.

   (c)  <u>McCall, et al. v. Scott, et al.</u>, Civil Action No. 3-97-0838 (M.D. Tenn.). The Firm was co-counsel in this derivative suit brought against the directors of Columbia/HCA alleging that their failure to assure the Company had in place adequate corporate information and reporting systems and compliance controls led to pervasive and systemic billing fraud, principally against Medicare, Medicaid and Champus. These reckless or intentional failures on the defendants' part resulted in one of the most

extensive federal fraud investigations ever undertaken against a company. In 1998, the District Court granted defendants' motion to dismiss. Plaintiffs were successful in having this decision overturned, in part, by the Sixth Circuit Court of Appeals, and remanded back to the District Court (February 12, 2001). The Firm played a significant role in briefing the opposition to the motion to dismiss, both before the District Court and the Sixth Circuit, and has been actively involved in all aspects of the discovery process. This case settled for $14 million in cash and substantive corporate governance changes at the Company

(d) Pendolphia v. Becherer et al., Civil Action No. 01CV1421 (D.N.J.). The Firm is co-counsel in this shareholder derivative action against the directors of Schering-Plough seeking to recover damages for defendants' breach of fiduciary duties. The complaint alleges defendants intentionally or recklessly ignored repeated warnings that essential Company production facilities were plagued by severe and pervasive manufacturing and quality control system breakdowns and failures. Further, the complaint alleges defendants intentionally or recklessly authorized and/or permitted the Company to engage in improper sales practices which operated as a fraud upon federal and state governmental authorities, thereby exposing the Company to a series of ongoing federal and state investigations and jeopardizing its all-important eligibility to participate in Medicaid and other government programs.

(e) In re: Oxford Health Plans, Inc. Derivative Litigation, MDL Dkt. No. 01-CV-1222 (CLB) (S.D.N.Y.). The Firm was counsel in this derivative litigation against the directors of Oxford Health Plans, alleging their intentional or reckless failures to

maintain controls in the face of multiple "red flags" regarding such critical issues as revenue, medical expenses payable, membership growth, and premium receivables. These failures acted to deprive the Company of timely and valid financial information and resulted in its violation of numerous insurance regulations and laws, causing substantial financial and reputational harm to the Oxford. The Firm was actively involved in all phases of the litigation to date, including briefing the motion to dismiss and discovery. On June 12, 2003, the Court approved a settlement of this case providing for payment of $13.7 million in cash and substantial corporate governance changes at the Company.

(f)     UnumProvident et al.(Derivative Litigation), MDL Civil Action No. 03-MD-1552 (E.D. Tenn.). The Firm is co-lead counsel in this shareholder derivative action arising out of allegations of wrongdoing related to the management of UnumProvident's disability insurance policies and certain financial disclosures. This alleged wrongdoing was the subject of extensive regulatory investigations. The derivative action is directed to the conduct of the Board and certain of the Company's senior officers.

(g)     TimeWarner, Inc. Derivative Litigation, Civil Action No. 04-CV-9316 (S.D.N.Y.). The Firm is co-lead counsel in a derivative litigation against the directors and certain officers of Time Warner, Inc., alleging these defendants breached their fiduciary duties to shareholders of the combined Time Warner/America on Line company in connection with wrongdoing related to improper and/or illegal recording of

millions of dollars of sham profits purportedly earned on multiple advertising agreements.

(h)     Boeing Corporation. The Firm is co-counsel in this derivative proceeding arising out of an alleged longstanding pattern of mismanagement related to the Company's defense contracting operations. These allegations include the Board's failure over an extended period to prevent or detect repeated instances of ethical lapses, conduct which ultimately resulted in subtantial damage to the Corporation, including suspension of nearly $1 billion in Department of Defense contracts.

(i)     Leodore J. Roy v. Independent Order of Foresters, Civil Action No. 97-CV-6225 (JCL) (D.N.J.). The Firm was co-lead counsel in this federal class action, brought on behalf of a class of individuals who purchased life insurance issued in the United States by the Independent Order of Foresters ("IOF") between 1984 and 1998. Plaintiff alleged the IOF engaged in a series of fraudulent and deceptive practices in the sales and maintenance of life insurance policies it issued during the Class Period. The Firm was instrumental in the investigation and drafting of the complaint, and was actively involved in discovery (including the review of approximately 400,000 pages of documents) and in almost two years of settlement negotiations. Under the terms of the settlement, members of the Class are eligible for relief valued at approximately $114 million. The United States District Court for the District of New Jersey approved the settlement on August 3, 1999.

(j)     Sidney Neidich, et al., v. Geodyne Resources, et al., Civil Action Nos. 94-05286, 94-059799 (S.D.N.Y.). The Firm served as co-lead counsel in the action. The

Firm brought its action in the District Court of Harris County, District of Texas, on behalf of purchasers of PaineWebber/Geodyne Energy Income Limited Partnership units. The litigation alleged that PaineWebber engaged in fraud and breached its fiduciary duties to its clients by selling oil and gas limited partnership units as safe and suitable investments for small and conservative investors. The action subsequently was consolidated for pre-trial and discovery purposes with a similar action in the United States District Court for the Southern District of New York alleging, among other counts, fraud and RICO claims. The Firm directed a team of over twenty lawyers to review and analyze over 350,000 pages of documents, coordinated an intensive analysis of that discovery with industry consultants, deposed numerous witnesses and actively participated in settlement negotiations. On March 1, 1997, the Court approved a settlement providing for a total recovery of $200 million, $125 million in cash and additional benefits with a present value of $75 million.

(k)     In re Salomon Treasury Litigation, Consolidated Civil Action No. 91 CIV 5471 (S.D.N.Y.). The Firm had a leading role in this complex federal securities fraud, anti-trust and RICO class action arising from the highly publicized 1991 manipulation and "squeeze" of the cash and financing markets for a number of issues of United States Treasury Securities, and the subsequent public disclosures by Salomon Brothers of its having violated Treasury Department rules in submitting bids in auctions of Treasury Securities. On July 26, 1994, the District Court approved a settlement of the action with all but one of the named defendants that provided a $100 million fund for distribution to the Class. The Firm was a major participant in all aspects of the litigation, including,

among other things, the preparation and drafting of two amended and consolidated complaints, numerous pretrial motions, the conduct of approximately 150 days of deposition testimony by party and non-party witnesses, the review and management of hundreds of thousands of pages of documents, numerous hearings before the Court, and the negotiation of the settlement with defense counsel.  The Firm was also in charge of all expert discovery and expert damage analysis, which proved critical to understanding the highly technical Treasury Securities markets and the methods by which plaintiffs alleged defendants were able to manipulate and squeeze segments of those markets.  The Firm successfully briefed and argued two discovery motions resulting in reported decisions: In re Salomon Bros. Treasury Litig., [1992-93 Transfer Binder] Fed. Sec. L. Rptr. (CCH) ¶97,254 (S.D.N.Y. 1992) aff'd sub nom., In re Steinhardt Partners, L.P., 9 F.3d 230 (2d Cir. 1993)(rejecting an exception to work-product waiver for voluntary submissions to governmental regulatory and law enforcement agencies); and In re Salomon Bros. Treasury Litig., [1993-1994] Fed. Sec. L. Rptr. (CCH) ¶98,119 (S.D.N.Y. 1994)(rejecting claims of quasi-governmental privileges for information obtained from private sources and compelling the Federal Reserve Bank of New York to produce documents).  In re Steinhardt Partners, L.P. involved an issue of first impression in the Second Circuit.

(l)     Pierce v. Ellison, No. 416147 (Ca. Super. Ct.).  The Firm is co-counsel in this shareholder derivative action against certain current and/or former directors and/or officers of Oracle Corporation.  The complaint alleges that the defendants intentionally or recklessly disregarded known or obvious internal warnings regarding declining revenue growth trends

of its critical License business in the first two months of its third quarter, fiscal year 2001, in the face of express representations to the contrary. The complaint also charges certain defendants, including Oracle's Chairman and Chief Executive Office, Larry Ellison, of selling millions of shares of Oracle stock while in possession of this non-public, negative financial information. As alleged in the complaint, this illegal scheme earned the defendants hundreds of millions of dollars of profits in violation of their fiduciary duties of loyalty as Oracle directors and/or officers. Defendants' misconduct exposed Oracle to substantial financial harm. Among other things, the complaint demands that the inside trading defendants, at a minimum, disgorge their illegal gains. Plaintiff's have survived a motion to dismiss this complaint.

(m)    <u>Orman, et al., v. America Online, Inc., et al.</u>, Civil Action No. 97-264-A (E.D.Va.). The Firm was co-lead counsel in this action alleging that defendants defrauded investors by making material misrepresentations about certain accounting practices at AOL and about the expected average value of its subscribers. The Firm played a critical role in drafting a second amended complaint and in successfully defeating a motion to dismiss that complaint. Following the motion to dismiss, the Firm took a leading role in extensive motion practice and discovery (including the review and analysis of over 250,000 pages of documents and nearly a gigabyte, <u>i.e.</u>, the equivalent of nearly 1,000 3.5" floppy diskettes of data and electronic documents, in only six months) and in preparing the case for trial. The parties agreed on May 20, 1998, to settle the claims for $35 million.

(n)     Schaffer v. National Medical Enterprises, Inc., Civil Action No. 93-5224 TJH (BX) (C.D.Cal.). The Firm was co-lead counsel in this federal securities fraud class action brought on behalf of stockholders of National Medical Enterprises, Inc. Plaintiffs alleged the defendants failed to disclose the impact that governmental investigations and civil claims by insurance carriers arising from widespread fraudulent business practices in NME's psychiatric hospital division would likely have on the Company's financial position and prospects. While formal discovery was stayed pending a hard fought two-year motion to dismiss, the Firm engaged in a nationwide investigation, assembling information concerning the allegedly fraudulent conduct. After successfully defeating the motion to dismiss, the Firm defended client depositions and began formal discovery. On June 2, 1998, the Court approved a settlement providing for a total recovery of $11,650,000.

(o)     In re Merrill Lynch, et al., Securities Litigation, Civil Action No. 94-5343 (DRD) (D.N.J.). The Firm led an effort to effect a recovery for a class of investors who purchased or sold NASDAQ securities through three large brokerage houses without knowing the brokerage houses executed the trades using the National Best Bid and Offer prices ("the NBBO") and, further, without the brokerage houses telling the customers of the reasonable availability of better prices through Instinet and SelectNet. The three brokerage houses executed trades for themselves and favored customers on the same superior systems without disclosing they were doing so to ordinary investors. After the District Court granted summary judgment on a limited record against the plaintiffs, see 911 F. Supp. 754 (D.N.J. 1995), the Firm appealed to the United States Court of Appeals

for the Third Circuit. A three-judge panel of the Third Circuit affirmed the District Court in an opinion subsequently withdrawn and not reported. The Firm then successfully petitioned for rehearing before the Third Circuit *en banc*. Following the *en banc* hearing before ten of the then twelve judges of the Third Circuit (two judges recused themselves) and further argument and briefing before the Third Circuit, the Third Circuit reversed the summary judgment by a vote of 10 to 0. See 135 F.3d 266 (3rd Cir. 1998). The United States Supreme Court denied defendants' petition for certiorari. See 119 S.Ct. 44 (Oct. 12, 1998). On remand the District Court permitted the plaintiffs to add parties and extend the class period but denied plaintiffs' motion for class certification (November 8, 1999). The plaintiffs then moved the Third Circuit for review of the denial pursuant to new Rule 27(f) (November 24, 1999). The Third Circuit granted plaintiffs' petition for review, but ultimately upheld the District Court's opinion on other grounds.

(p)    Frank, et al. v. CenTrust Bank, et al., Consolidated Civil Action Nos. 90-0084-Civ-Atkins, 90-0196-Civ-Atkins, 90-0683-Civ-Atkins and 90-0850-Civ-Atkins (S.D.Fla.). The Firm served as co-lead counsel in this federal securities fraud class action brought on behalf of investors in CenTrust Savings Bank, N.A. This suit arose from the "Savings and Loan" scandal of the 1980's and involved a complex web of accounting fraud in which the Bank, its officers and its outside advisors covered up a large cache of junk bonds and a high-stakes trading strategy used to inflate the bank's balance sheet. In the course of litigating this action, the Firm took a major role in organizing the review of over 6 million pages of documents. The Firm played the lead

11

role in securing compensation for investors from the Drexel Bankruptcy proceedings and the Milken Compensation fund proceedings and in settling claims against other defendants which provided a total recovery of approximately $18.5 million.

(q)   In re Columbia Gas Securities Litigation, Consolidated Civil Action No. 91-357 (D.Del.).  The Firm was sole lead counsel in this federal securities fraud class action brought on behalf of investors in Columbia Gas System, Inc., in connection with the defendants' alleged misrepresentations of excess gas cost contracts which led to the company's bankruptcy in July 1991.  The Firm conducted the preparation of highly technical financial analysis and damage assessments in conjunction with various expert consultants.  The Firm also conducted intensive negotiations with defense counsel involving, in addition to issues of liability and damages, legal research and evaluation as to the impact of the company's bankruptcy on the pending class action.  The Firm drafted the 152-page Consolidated Amended Class Action Complaint and negotiated all aspects of the settlement the District Court approved on November 2, 1995, providing for a recovery of $36.5 million for the Class.

(r)   In re Paramount Communication, Inc., Shareholders Litigation, Del.Ch., Consolidated Civil Action No. 13117.  The Firm was co-lead counsel in this class action which was brought on behalf of Paramount Communications, Inc. shareholders in connection with a proposed merger of Viacom, Inc. and Paramount Communications, Inc. In successfully obtaining a preliminary injunction against the proposed merger and particular "lock-up" terms contained therein, the Firm was directly involved in coordinating and conducting extensive document and deposition discovery on an

expedited basis, had primary responsibility for legal research and brief writing, and was extensively involved in preparation for oral arguments at hearings before both the Delaware Court of Chancery and the Delaware Supreme Court. Plaintiffs were successful both in obtaining an order enjoining a merger Paramount's Board of Directors approved without having taken adequate care to maximize shareholder value, <u>QVC Network, Inc. v. Paramount Communications, Inc.</u>, Del. Ch., 635 A.2d 1245 (1993), and in defending that result before the Delaware Supreme Court, <u>QVC Network, Inc. v. Paramount Communications, Inc.</u>, Del. Supr., 637 A.2d 34 (1994). As a direct consequence of the litigation, Paramount's board of directors conducted an auction of the company that ultimately resulted in a new merger agreement, the terms of which benefitted Paramount's public stockholders by hundreds of millions of dollars over the amount they would have received had the proposed merger originally challenged by the shareholder plaintiffs been consummated.

(s)   <u>In re C&S/Sovran Shareholders Litigation</u>, Civil Action No. 1:91-CV-1354-RHH (N.D.Ga.)  The Firm was principal co-lead counsel in this securities class action brought on behalf of Citizens & Southern Bank ("C&S") shareholders allegedly defrauded as a result of the merger between C&S and Sovran Bank, as well as on behalf of open market purchasers of C&S/Sovran shares following the merger. The Firm was principally responsible for briefing papers successfully opposing both defendants' motion to dismiss and motion for summary judgment, which presented issues of first impression regarding the proper measure of valuating the purchase price for a security under Section 11(e) of the Securities Act of 1933 within the context of a stock-for-stock merger. In

addition, the Firm principally drafted the First and Second Amended and Consolidated Class Action Complaints, and was responsible for negotiating all aspects of the $9.5 million settlement the District Court approved in 1994.

(t) In re Metropolitan Life Derivative Litigation, Consolidated 93 Cv 9035 (JSM) (S.D.N.Y.). The Firm served as sole lead counsel in this derivative action brought on behalf of the policyholders of Metropolitan Life Insurance Company. The District Court approved a settlement resulting in a recovery for the company of $4 million in cash and $6.4 million in return compensation benefits in addition to non-cash benefits affecting corporate governance.

(u) In re Bankers Trust Derivative Litigation, 94 Civ 7926 (PKL) (S.D.N.Y.). The Firm served as Co-Chair of the Executive Committee in the derivative action brought on behalf of the shareholders of Bankers Trust New York Corporation. The action alleged the directors breached their fiduciary duties to their corporate shareholders by failing to properly oversee and monitor the company's sales practices and procedures, particularly regarding the sale of high risk derivative instruments, resulting in substantial injury to the company and its shareholders. The District Court approved a settlement for a cash recovery of $8.5 million together with significant changes to the Bank's monitoring responsibilities.

(v) In re Medical Care America, Inc. Securities Litigation, Consolidated Civil Action No. 3-92-CV-1996-R (N.D.Tex.). The Firm was a member of the Plaintiffs' Executive Committee in this federal securities fraud class action brought on behalf of Medical Care America, Inc. shareholders seeking damages for alleged misleading

disclosures concerning the financial condition of Critical Care America and Medical Care International made in connection with their 1993 merger into a new company, Medical Care America. On December 16, 1994, the parties reached a $60 million settlement agreement through a Court-ordered mediation. The Texas District Court in April 1996 approved the settlement. In addition to participating in the mediation process, the Firm participated in extensive party and non-party document discovery. The Firm also had primary responsibility for researching and briefing plaintiffs' successful opposition to defendants' motion to dismiss, and participated in the drafting of the Amended and Consolidated Complaint and preliminary notices to the Class.

(w)   In re Frank B. Hall & Co. Shareholders Litigation, Del. Ch., Consolidated Civil Action No. 12659. The Firm served on the Executive Committee in this action in which plaintiffs' counsel were able to secure an approximately $2 million increase in the price paid to shareholders in a merger with a majority shareholder.

(x)   In re Sound Advice Securities Litigation, Case No. 92-6457-Civ-King (S.D.Fla.). The Firm was co-lead counsel in this federal securities fraud class action brought on behalf of the shareholders of Sound Advice, Inc. in connection with the company's alleged fraudulent failure to disclose material information concerning its financial condition and results. The Firm had primary responsibility for drafting an Amended and Consolidated Complaint, conducting an extensive investigation into allegations of intentional wrongdoing within the company, and litigating a motion to compel production of an internal company review of alleged accounting improprieties. The Firm worked with co-lead counsel in extensive negotiations with the company, its

insurers and its outside accountants, ultimately resulting in a $2.765 million settlement for the Class.

(y)     In re The Polifly Sec. Litig., Civil Action No. 90-854 (MTB) (D.N.J.). The Firm was lead counsel in this federal securities fraud class action on behalf of the stockholders of Polifly Financial Corporation in connection with Polifly's alleged failure to properly disclose its account for the market value of various real estate assets securing loans made by the company. The Firm worked closely with expert real estate financial experts and, after extensive negotiations with defense counsel, successfully settled the action on behalf of the class for $4.135 million.