EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

*Fescina v. CVS Corporation, et al.*                )
Civil Action No. 04-12309-JLT                        )
_____

**NOTICE OF PENDENCY OF CLASS ACTION,
PROPOSED SETTLEMENT, AND HEARING**

**TO ALL MEMBERS OF THE FOLLOWING CLASS:**

All persons who were participants or beneficiaries in the CVS 401(k) Profit Sharing Plan (the "401(k) Plan"), the CVS Corporation and Subsidiaries Employee Stock Ownership Plan (the "CVS ESOP") and/or the Diversified ESOP Account (with the two ESOP accounts collectively called the "ESOPs"), and who held, acquired, purchased or had contributed CVS common stock and/or CVS preference stock (collectively "CVS Stock") to his or her account in either plan at any time from December 1, 2000 to October 31, 2001 (the "Class Period").

**PLEASE READ THIS NOTICE CAREFULLY.
A FEDERAL COURT AUTHORIZED THIS NOTICE.
THIS IS NOT A SOLICITATION.**

This Notice advises you of a proposed class action settlement. The Settlement provides $3 million (less attorneys' fees, expenses, and costs) to pay claims to participants or beneficiaries who had CVS Stock allocated to their accounts in either the 401(k) Plan or the ESOPs at any time during the Class Period. In this Notice, these plans are referred to collectively as "the Plans." The Settlement also provides that CVS will: (1) make certain important governance changes affecting the administration of the Plans, as detailed in ¶11 below; and (2) pay all notice and administration costs and expenses incurred in connection with the Settlement. The Settlement resolves a lawsuit over whether fiduciaries of the Plans breached their fiduciary duties by violating the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001 et seq. ("ERISA"). You should read this entire Notice carefully because your legal rights may be affected whether you act or not.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **YOU CAN DO NOTHING**<br><br>**NO ACTION IS NECESSARY TO RECEIVE A PAYMENT** | You do not need to do anything to receive a payment. Under the Settlement, the Claims Administrator will calculate the portion, if any, of the Settlement you are entitled to receive. If you are a current participant in one of the Plans and are authorized to receive a payment, the Claims Administrator will effectuate payment into your Plan Account.<br><br>If you are a Class Member and you no longer participate in the Plans, depending on the size of your payment, you will either (i) receive a check made payable to you, or (ii) have the opportunity to receive a check made payable to you as above, or to receive a check payable to a qualified tax deferred account into which you desire to deposit your payment. In either case, you will also receive any required tax forms, and, if eligible, information on depositing your payment into a qualified tax deferred account. |
| **YOU CAN OBJECT** | You can write to the Court about why you don't like the Settlement. |
| **YOU CAN GO TO THE HEARING** | You can ask to speak in Court about the fairness of the Settlement. |

- Your rights and options, and the date by which you must object if you are opposed to the Settlement, are explained in this notice.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
1.  Why did I get this notice package? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
2.  How do I get more information? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
3.  What is this lawsuit about? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
4.  Why do Counsel for Plaintiff recommend the Settlement? . . . . . . . . . . . . . . . . . . . . . . . . 4
5.  Why is this a class action? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
6.  Why is there a Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
7.  How do I know if I am part of the Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
8.  Are there exceptions to being included? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
9.  I'm still not sure if I'm included. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
10. Can I exclude myself from the Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

THE SETTLEMENT BENEFITS—WHAT YOU GET . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
11. What does the Settlement provide? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
12. How much will my payment be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

HOW YOU GET A PAYMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
13. How can I get my payment? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

THE LAWYERS REPRESENTING YOU . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
14. Do I have a lawyer in this case? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
15. How will the lawyers be paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

OBJECTING TO THE SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
16. What does it mean to object? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
17. How do I tell the Court that I don't like the Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . 9

THE COURT'S FAIRNESS HEARING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
18. When and where will the Court decide whether to approve the Settlement? . . . . . . . . . . 10
19. Do I have to go to the fairness hearing? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
20. May I speak at the hearing? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IF YOU DO NOTHING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
21. What happens if I do nothing at all? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

GETTING MORE INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
22. Are there more details about the Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**BASIC INFORMATION**

**1. Why did I get this notice package?**

You or someone in your family may have had funds in the Plans invested in CVS Stock at some time during the Class Period.

The Court directed that this Notice be sent to you because you have a right to know about a proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and following resolution of objections and appeals, if any, the Claims Administrator approved by the Court will effectuate payments directly into plan accounts or by check (for terminated claimants), as provided for under the Settlement.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Massachusetts, and the case is known as *Fescina v. CVS Corporation et al.*, Civil Action No. 04-12309-JLT. The person who sued is called the Plaintiff, and the company and the people he sued, CVS Corporation and certain of its officers and directors, are called the Defendants.

**2.    How do I get more information?**

You can call _____ toll-free, or visit the website www._____, where you will find answers to common questions about the Settlement, plus other information to help you determine whether you are a Class member and whether you are eligible for a payment. Please do not contact the Court, or CVS Corporation. They will not be able to answer your questions.

**3.    What is this lawsuit about?**

In a complaint filed on October 29, 2004, the Plaintiff alleged that the Defendants breached their fiduciary duties and otherwise violated ERISA, by using employer and employee contributions to the Plans to purchase CVS Stock at a time when, according to Plaintiff, the stock was an unsuitable and imprudent investment for the Plans. Plaintiff further alleges that Defendants violated ERISA by misrepresenting to Plaintiff and participants in the Plans the operational and financial status of CVS and, consequently, the true value of its stock. The complaint seeks to recover from the Defendants losses to the Plans, and indirectly, to their participants and beneficiaries, caused by Defendants' alleged conduct. The Complaint sought recovery for these alleged losses, in addition to attorneys' fees and expenses, and the costs of the litigation. Plaintiff filed an Amended Complaint on June 30, 2005.

The Plaintiff and Defendants have engaged in an extensive exchange of information about the claims and defenses since the filing of the complaint. Defendants specifically deny, among other things, the allegations that they breached any fiduciary duties or any other provisions of ERISA in connection with the acquisition or retention of CVS stock by the Plans during the Class Period, or before, and deny that they in any way misrepresented the operational and/or financial performance of CVS or the value of its stock either directly or indirectly to participants in the Plans. Defendants deny that Plaintiff or the Plans are entitled to any relief of any kind.

**4.    Why Do Counsel for Plaintiff Recommend the Settlement?**

Defendants have agreed to pay $3 million for the benefit of Class members and the Plans, to pay all costs and expenses of notice and administration of the Settlement, and to make certain governance changes in the administration of the Plans to settle the claims raised by Plaintiff in his Amended Complaint. Counsel for

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www._____.com

Do not call the Court or CVS.
They cannot answer your questions.    Page 3 of 10

Plaintiff recommend the Settlement be accepted and approved as being fair, reasonable and adequate to Class members based on careful examination of the strengths and weaknesses of the underlying claims of wrongdoing alleged in the Amended Complaint, an assessment of potential damages Plaintiff would have to prove, and the legal theories he would have to successfully pursue in order to obtain a recovery at trial.

The Defendants dispute that they engaged in any wrongdoing with respect to the operations of the Company or the accounting of the Company's financial results, or that they misrepresented in any way the existence or impact of the pharmacist shortage or store closings at CVS in public statements made during the Class Period. In addition, at any trial, the ERISA class would face substantial factual and legal risks related to such issues as: (i) what the plan fiduciaries knew or should have known about allegedly improper and illegal operational and accounting conduct occurring at the Company during the Class Period; (ii) what discretion these fiduciaries had regarding decisions to hold and/or acquire additional CVS Stock at this time -- in particular CVS preference stock for the CVS ESOP; and (iii) whether, under such circumstances, the failure of plan fiduciaries to act constituted a breach of their fiduciary duties to plan participants. Plaintiff's ability to successfully prevail on these issues at trial would be at further increased risk in connection with the CVS ESOP, based on the statutory purpose behind ESOPs (namely to hold company stock), and the resultant recognized legal presumption of propriety in holding and continuing to invest in company stock in an ESOP.

Plaintiff's Counsel further believe that the proposed Settlement represents an outstanding result based on an examination of the trading data of participants in the Plans, review of the Company's stock price history preceding, during and in the years following the Class Period, and detailed analysis of the risks inherent in pursuing unsettled damage theories should the case proceed to trial. The total number of shares in the Plans was small. As with the assessment of the plan fiduciaries' liability, Defendants have substantial counter-arguments to Plaintiff's damage theories. In particular, the calculation of damage amounts is unsettled in the context of ERISA cases, including whether damages are calculated based on the total stock decline over the course of the Class Period or on some other measure of decline. Defendants would further argue that 401(k) and ESOP termination damages should be measured *not* by the value of CVS stock at the beginning of the Class Period, $53.66 per share, but rather should be calculated based on the stock price at which those shares were actually purchased, awarded or contributed to the respective plan accounts, prices arguably substantially lower than the record high prices trading around December 1, 2000. In addition, the recovery of the Company's common stock price in the years following the end of the Class Period to those at or near the trading prices at the beginning of the Class Period has created a risk in demonstrating damages, particularly in connection with ESOP participants who continue to hold CVS preference stock, a highly illiquid stock over which ESOP participants have limited discretion. Any of these arguments, should they ultimately succeed, would significantly reduce, and in many cases even eliminate, any claims of damages as to these shares.

In light of these factors and the inherent risks they entail, Counsel for Plaintiff developed the allocation plan set forth in the Settlement Agreement to take into account the assessment of these relative strengths and weaknesses of the claims. As such, the allocation plan establishes two groups:

    a.    <u>CVS 401(k) Plan Participants</u> -- consisting of Class members who held, purchased, acquired, or had contributed CVS common stock in the CVS Stock Fund offered by the 401(k) Plan at any time during the Class Period;

    b.    <u>CVS ESOPs Participants</u> -- consisting of Class members who held, purchased, acquired, or had contributed CVS preference stock during the Class Period, and are either still currently participants in the ESOPs, or were vested in those Plans at the time the accounts were terminated.

Based on Plaintiff's Counsel's assessment of the inherent legal and factual risks described above that each group faces, Plaintiff's Counsel propose allocating 75% of the Settlement Fund to cover payment of claims to CVS 401(k) Plan Participants, and 25% of the Settlement Fund to cover payment of claims to CVS ESOPs Participants. For an explanation of the allocation of the Settlement Funds, see Question 12 below.

**5.     Why is this a class action?**

In a class action, one or more persons called the Class Representative sues on behalf of people who have similar claims. All of these people who have similar claims make up the Class and are Class members. One court resolves the issues for all Class members. Because the wrongful conduct alleged by Plaintiff in this case affected a large group of people in a similar way, Plaintiff filed his Complaint as class actions.

**6.     Why is there a Settlement?**

The Court has not decided in favor of Plaintiff or Defendants. Instead, both sides agreed to a Settlement. By agreeing to a Settlement, the parties avoid the costs and risks of a trial, and the Class will get compensation. The Class Representative and his attorneys believe that the Settlement is in the best interests of Class members.

**7.     How do I know if I am part of the Settlement?**

The Court has preliminarily certified this case as a class action, in which everyone who fits the following description is a Class Member:

> All persons, other than persons named as Defendants in the Amended Complaint and their immediate family members, who were participants in or beneficiaries of the CVS 401(k) Plan and/or ESOP at any time between December 1, 2000 and October 30, 2001 (the "Class Period") and who held, purchased, acquired or had contributed CVS Stock and/or CVS Preference Stock to their plan accounts during the Class Period.

**8.     Are there exceptions to being included?**

You are not a Class member if you did not hold, purchase, acquire or receive a contribution of CVS Stock in a Plan account during the Class Period. In addition, you are not a Class member if you were named as a Defendant. Also, immediate family members of named Defendants are not members of the Class.

**9.     I'm still not sure if I'm included**

If you are still not sure whether you are included, you can ask for free help. Please call toll-free _____ or visit www._____.com.

**10.    Can I exclude myself from the Settlement?**

In some class actions, class members have the opportunity to exclude themselves from a Settlement. This is sometimes referred to as "opting out" of a Settlement. You do not have the right to exclude yourself from the Settlement in this case. This case was preliminarily certified under Fed. R. Civ. P. 23(b)(l) and (b)(2) as a "non opt-out" class action because of the nature of the alleged wrongdoing and the way ERISA operates.

Breach of fiduciary duty claims are brought by participants on behalf of the Plans, and any judgment or resolution necessarily applies to all participants and beneficiaries of the Plans. As such, it is not possible for any participants or beneficiaries to exclude themselves from the benefits of the Settlement. Therefore, you will be bound by any judgments or orders that are entered in this Action, and, if the Settlement is approved, you will be deemed to have released each and all of the Defendants from any and all claims arising out of the acquisition, disposition, or retention by the Plaintiff, the Plans, the Plans' fiduciaries of CVS Stock during the Class Period which relate directly or indirectly to the facts alleged in the Amended Complaint. For a detailed description of the Released Claims and Released Persons, see Sections 3.28, 3.29 and 3.30 of the Agreement.

The release to be granted if the proposed Settlement is approved does not include any claims that have been asserted under the state or federal securities laws by the Plans or the Plans' fiduciaries or any individual member of the Class directly or derivatively in the actions captioned *In re CVS Corporation Securities Litigation*, Civil Action No. 01-11464-JLT, or *Krantz v. Ryan et al.*, Civil Action No. 04-12650-REK, both pending in the United States District Court for the District of Massachusetts, nor will the release preclude the Plans or members of the Class from participating in the proposed settlement of *In re CVS Securities Litigation*, to the extent they may be eligible to do so.

Although you cannot opt out of Settlement, you can object to the Settlement and ask the Court not to approve the Settlement. See question 17 on page 9.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

**11.    What does the Settlement provide?**

Defendants have agreed to pay $3 million in cash to resolve Plaintiff's claim against them. The payment is called the Settlement Fund. Certain fees and expenses, including those incurred by Plaintiff's Counsel that are approved by the Court, will be deducted from the Settlement Fund. The remaining amount is called the Net Settlement Fund. CVS is also separately paying all costs for notice and administration of the Settlement.

CVS also has agreed to new governance provisions as follows:

The Audit Committee of the Board of Directors of CVS agrees to receive periodic reports from the ERISA Plan Committee with respect to the fulfillment of the Plan Committee's Charter obligations. In addition, the ERISA Plan Committee agrees to adopt a Charter which, in summary, principally provides that the ERISA Plan Committee will: (i) design and implement appropriate risk assessment systems, policies and procedures for the ERISA Plans; (ii) ensure up to two of its members attend Audit Committee meetings of the CVS Board as appropriate to assist it to remain fully informed of financial and operational developments at the Company; (iii) oversee the design and implementation of systems, policies and procedures to review and assess the propriety of plan investment options, including CVS Stock offered by the ERISA Plans; (iv) ensure it receives, reviews and assesses reports, information and data necessary to allow it to adequately and effectively monitor the operations of the ERISA Plans; and (v) ensure it retains, at the Company's expense, all expert legal, financial, regulatory or fiduciary experts necessary to assist it to fully comply with its fiduciary obligations. To review a copy of the new ERISA Plan Committee Charter in its entirety, please see Exhibit 1 of the Settlement Agreement. Additionally, this Settlement preserves your rights to participate in the proposed settlement of the *In re CVS Securities Litigation*, to the extent you are eligible.

**12.    How much will my payment be?**

QUESTIONS?  CALL _____ TOLL FREE, OR VISIT www._____.com

Do not call the Court or CVS.
They cannot answer your questions.          Page 6 of 10

To be eligible to recover under the proposed ERISA Settlement, you must meet certain prerequisites:

    a.    For CVS common stock invested in the CVS 401(k) Plan, you can only recover if you held such stock in your account at the beginning of, or acquired it during the Class Period. You cannot recover for any common stock sold from your account from the beginning of the Class Period on December 1, 2000 through June 14, 2001.

    b.    For CVS preference shares invested in the CVS ESOP, you can only recover if: (i) you held such stock in your ESOP account at the beginning of, or acquired it during, the Class Period; (ii) you terminated your ESOP account between June 15, 2001 and the March 23, 2005; and (iii) you were vested in your account at the time of such termination. If you continued to participate in the CVS ESOP after March 23, 2005, you are not eligible to recover under the proposed Settlement.

    c.    The specific formulas under which the Settlement Fund will be allocated are detailed in the Agreement. Generally, the Claims Administrator will calculate the approximate loss ("Loss") for each Settlement Class Member in the 401(k) Plan and CVS ESOPs. Generally, for the 401(k) Plan, the Loss is calculated based on the absolute decline in the value of your CVS common stock during the Class Period, off-set by any sales of that stock you made during the Class Period. For the ESOPs, the Loss is calculated based on the absolute decline in the value of your CVS preference shares from the beginning of the Class Period until the termination date of your account, off-set by the value of your sales on the termination date. Specifically:

    (i)    <u>For the CVS 401(k) Plan:</u>

$$\text{Loss} = (A + B) - C, \text{ where}$$

"A" represents the value of shares held at the beginning of the Class Period, minus the value of those shares at the end of the Class Period (or termination date if sold between June 15 and October 30, 2001);

"B" represents the value of all shares acquired during the Class Period, minus the value of those shares at the end of the Class Period (or termination date if sold between June 15 and October 30, 2001); and

"C" represents the value of all shares sold during the Class Period.

    (ii)    <u>For the CVS ESOPs:</u>

$$\text{Loss} = (A + B) - C, \text{ where}$$

"A" represents the value of shares held at the beginning of the Class Period;

"B" represents the value of all shares acquired during the Class Period; and

"C" represents the value of those shares upon the termination of the account(s).

Do not worry if you do not have records that show your activity in the Plans with respect to CVS Stock. The Claims Administrator will make all calculations for you, and if you are entitled to a payment, will provide you with a check or statement showing the amount of your payment. If you have questions regarding the

**QUESTIONS? CALL _____ TOLL FREE, OR VISIT www._____.com**

**Do not call the Court or CVS.
They cannot answer your questions.**
    Page 7 of 10

settlement or the settlement amount you may receive, please do not contact CVS. Instead, please call toll-free _____ or visit www._____.com.

## HOW YOU GET A PAYMENT

**13.    How can I get my payment?**

If you are a Class member and still participate in either of the Plans, your Settlement proceeds will be deposited directly into your Plan account. Settlement amounts to be paid in your 401(k) Plan will be invested in the same percentages and in the same investment funds as you have currently designated for your 401(k) Plan contributions. After the Settlement amounts are paid into your plan account, you may then direct those funds to any desired fund option.

If you are a Class Member and you no longer participate in the Plans, depending on the size of your payment, you will either (i) receive a check made payable to you, or (ii) have the opportunity to receive a check made payable to you as above, or to receive a check payable to a qualified tax deferred account into which you desire to deposit your payment. In either case, you will also receive any required tax forms, and, if eligible, information on depositing your payment into a qualified tax deferred account.

## THE LAWYERS REPRESENTING YOU

**14.    Do I have a lawyer in this case?**

The Court preliminarily appointed the following law firms to represent you and other Class Members: Morris and Morris LLC Counselors at Law, Law Offices of Bernard M. Gross, and Law Offices of Bruce G. Murphy. These lawyers are called Class Counsel. You will not be charged separately for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**15.    How will the lawyers be paid?**

Class Counsel will ask the Court for attorneys' fees of up to 30% of the Settlement Fund, with interest, plus expenses. In addition, Class Counsel will seek payment of an incentive award in an amount not to exceed $10,000.00 on behalf of the Plaintiff. The Court may award less than these amounts.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**16.    What does it mean to object?**

Objecting is simply telling the Court that you do not like something about the Settlement. It will not have any bearing on your right to Settlement proceeds, if the Settlement is approved.

**17.    How do I tell the Court that I don't like the Settlement?**

You can object to the Settlement if you dislike any part of it, or if you disagree with Class Counsel's request for attorneys' fees and reimbursement of expenses. You can give reasons why you think the Court should not approve the Settlement or the request for attorneys' fees or expenses. The Court will consider your

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www._____.com

Do not call the Court or CVS.
They cannot answer your questions.                              Page 8 of 10

views. To object, you must send a letter saying that you object to the Settlement in *Fescina v. CVS Corporation et al.*, Civil Action No. 04-12309-JLT. Be sure to include your name, address, telephone number, your signature, a detailed statement of your specific objections to any matter before the Court, and all the grounds for your objections to the Settlement. You must also include all documents you wish the Court to consider. Mail the objection and any supporting papers to the three different places for receipt no later than _____, 2005. Your objection must be received by this date. If your objection is not received in a timely manner, the Court will not consider it.

| **Court** | **Class Counsel** | **Defense Counsel** |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>District of Massachusetts<br>U. S. Courthouse, Suite 7110<br>One Courthouse Way,<br>Boston, MA 02210 | Karen L. Morris or<br>Patrick F. Morris<br>Morris and Morris LLC<br>  Counselors at Law<br>1105 N. Market Street<br>Suite 803<br>Wilmington, DE 19801 | Dennis E. Glazer<br>Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, NY 10017 |

**ALL PAPERS SUBMITTED MUST INCLUDE THE CASE NUMBER 04-12309 ON THE FIRST PAGE.**

No one will be entitled to object to the proposed Settlement, to the final judgment to be entered in this Action, to any award of attorneys' fees or expenses, or otherwise to be heard, except by filing and serving written objections (and, if you wish to be heard at the Settlement Fairness Hearing, a written notice of intention to appear, as described below) in the form and manner, and by the date, required by this Notice. Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall forever be barred from raising such objections in this or any other action or proceeding.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you are not required to do so.

**18.   When and where will the Court decide whether to approve the Settlement?**

The Court has scheduled a Fairness Hearing on _____, at the United States District Court for the District of Massachusetts, U.S. Courthouse, One Courthouse Way, Boston, MA 02210, in Courtroom _____, _____ Floor. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court will also decide what amount of Class Counsel fees and expenses will be paid from the Settlement Fund. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The date of the Fairness Hearing may be changed without further notice. Please consult the website at www._____.com for the most up to date information about the Fairness Hearing.

Pending the final determination of whether the Settlement should be approved, the parties, all members of the Class, the Plans, and the Plans' fiduciaries are each barred and enjoined from instituting or prosecuting any action that asserts any Released Claim against any Released Person.

**19.   Do I have to go to the fairness hearing?**

No. Plaintiff's Counsel will answer questions the Court may have. You are, however, welcome to attend at

**QUESTIONS?  CALL _____ TOLL FREE, OR VISIT www._____.com**

Do not call the Court or CVS.
They cannot answer your questions.                                           Page 9 of  10

your own expense. If you send an objection, you do not have to go to Court to talk about it. As long as your objection is filed with the Court and served on Counsel by March 18, 2005, the Court will consider it. You also may pay your own lawyer to attend, but it is not required.

**20.    May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear at Fairness Hearing in the CVS Corporation ERISA Litigation." The letter must include the names of any witnesses you may call to testify at the Fairness Hearing and must identify any documents you intend to introduce into evidence at the Fairness Hearing. Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be received no later than _____, 2005 by the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses indicated above in question 17.

## IF YOU DO NOTHING

**21.    What happens if I do nothing at all?**

The Settlement does not require you to do anything, and there is no penalty for doing nothing at all. If you are entitled to a Settlement payment, and the Settlement is ultimately approved, you will receive a payment as discussed in question 12 on page 6.

## GETTING MORE INFORMATION

**22.    Are there more details about the Settlement?**

This notice summarized the proposed Settlement. More details are in the parties' Stipulation and Settlement Agreement. You can get a copy of the Agreement by visiting www._____, or you can inspect the papers filed in this Action at the office of the Clerk of Court, U.S. Courthouse, One Courthouse Way, Boston, MA 02210, during normal business hours. If you have questions about the Settlement, call toll-free _____, or check www._____.

**Remember, please do not call the Court or CVS. They cannot help you with additional information.**

DATE: _____