EXHIBIT C

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

*Fescina v. CVS Corporation, et al.*                )
Civil Action No. 04-12309-JLT                       )
_____

### ORDER PRELIMINARILY APPROVING SETTLEMENT, CONDITIONALLY CERTIFYING CLASS FOR PURPOSES OF SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SCHEDULING HEARING ON FAIRNESS OF SETTLEMENT PURSUANT TO FED. R. CIV. P. 23(3)

The motion of Plaintiff for an Order: (a) preliminarily approving the settlement of the above-captioned action pursuant to the terms and conditions of the Stipulation and Agreement of Settlement of ERISA Action (the "Settlement Agreement"), dated July 1, 2005; (b) approving the form of Notice and directing the manner of delivery and publication of the Notice; (c) conditionally certifying a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1) and (b)(2) for purposes of the Settlement and the final approval thereof; and (d) scheduling a hearing to consider the fairness of the Settlement pursuant to Fed. R. Civ. P. 23(3) and to consider the application for fees and expenses by Plaintiff's Counsel, having come before the Court, and upon consideration of the Settlement Agreement and exhibits attached thereto, Plaintiff's motion and the pleadings and records on file, and good cause appearing, it is hereby ORDERED as follows:

    1.    To the extent not otherwise defined herein, all capitalized terms shall have the same meaning as used in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all members of the Settlement Class and all Defendants.

3.      The Settlement documented in the Settlement Agreement is hereby preliminarily approved as appearing on its face to be fair, reasonable, and adequate and to have been the product of good faith, serious, informed, and extensive arms' length negotiations among the parties

4.      The Court finds that the form of Notice proposed by Plaintiff is hereby approved. Such Notice will entail: (a) Individual Notice mailed by first-class mail, postage prepaid, to the last known address of all known Class members within fourteen (14) days of entry of this Order; and (b) Publication Notice published in *The Wall Street Journal* or other national publications mutually agreed upon by counsel within twenty-one (21) days of the entry of this Order.  Plaintiff's Counsel will ensure that the Individual Notice and Publication Notice will be handled in the manner set forth in and required by the Settlement Agreement, and will file an affidavit attesting to the mailing of the Individual Notice and publication of the Publication Notice with the Court at or before the Settlement Fairness Hearing.

5.      The form and manner of delivery and publication of the Individual Notice and Publication Notice directed hereby and in the Settlement Agreement meet the requirements of Fed. R. Civ. P. 23 and due process, constitute the best notice practicable under the circumstances, and will constitute due and sufficient notice to all members of the Class.

6.      The Court hereby preliminarily approves the maintenance of this Action as a class action for purposes of the Settlement pursuant to Fed. R. Civ. P. Rule 23(a) and 23(b)(1) and (b)(2). Specifically, the Court finds that: (a) the number of members of the Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class;

(c) the claims of the named Plaintiff are typical of the claims of he Class; (d) the named Plaintiff will fairly and adequately represent the interests of the Class; (e) the prosecution of separate actions by individual members of the Class would create a risk of: (i) inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants; (ii) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members of the Class; (f) Defendants are alleged to have acted or refused to act on grounds generally applicable to the class; and (g) Plaintiff seeks relief which is predominantly injunctive or declaratory in nature, and monetary relief sought therewith flows directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief. Also for purposes of the proposed Settlement only, the Court further finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that James Fescina has and will adequately represent the Class as the Class Representative, and is hereby approved as Class Representative.

7. Accordingly, for purposes of the Settlement only, this Action is hereby conditionally certified as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(1) and (b)(2), with the Class defined as follows:

> All persons, other than persons who are named as Defendants in the Amended Complaint and their immediate family members, who were participants or beneficiaries under the CVS ERISA Plans during any portion of the Class Period (December 1, 2000 and October 30, 2001) and who held, purchased, acquired or had contributed CVS Stock in their plan account(s) at any time during the Class Period.

8. The Court appoints as counsel for the Class the firms of Morris and Morris LLC Counselors At Law, Law Offices Bernard M. Gross P.C., and Law Offices of Bruce G. Murphy.

Based on the proceedings in this matter to date and the documents on file with the Court, the Court concludes that Class Counsel have and will represent the Class fairly and adequately. Appointment of the above-named counsel as Class Counsel is supported by the significant work that Class Counsel have performed in identifying and investigating the potential claims in this action, the experience of Class Counsel in handling class actions and ERISA actions, Class Counsel's knowledge of ERISA, and the resources that Class Counsel have committed to the prosecution of this action.

9.  A hearing (the "Settlement Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court on _____, 2005, at __.m. in Courtroom _____ for the following purposes:

   a.  to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

   b.  to determine finally whether this Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and 23(b)(1) and (b)(2) for purposes of the Settlement;

   c.  to determine whether the Settlement has been negotiated in good faith and at arm's length by the Plaintiff and his counsel on behalf of the Plans, the Plans' fiduciaries, and the Settlement Class, whether the Plaintiff has acted independently and that his interests are identical to the interests of the Plans, the Plans' fiduciaries, and the Settlement Class, and for the Court to determine that the negotiations and consummation of the Settlement by the Plaintiff on behalf of the Plans, the Plans' fiduciaries, and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§406(a) or (b);

  d. to determine whether the Order Approving Settlement as provided under the Settlement Agreement should be entered, and whether the Released Parties should be released from the Released Claims, as provided in the Settlement Agreement;

  e. to determine whether the bar order provisions in the Settlement Agreement should be entered barring and enjoining: (i) any action against Defendants, their Related Parties, Defendants' counsel, any member of the Settlement Class, or Class Counsel based on the amount of any Settlement Claim issued pursuant to the Plan of Allocation, and (ii) Plaintiff, the Plans, the Plans' fiduciaries, all members of the Settlement Class, all Defendants, and any other party from instituting or prosecuting, either directly, indirectly, or in a representative capacity, any other action in any court asserting any Released Claim against any Released Person;

  f. to determine whether the proposed Plan of Allocation of the Settlement Fund is fair, reasonable, and adequate, and should be approved by the Court;

  g. to determine whether Plaintiff's Counsel's application for an award of attorneys' fees and reimbursement of expenses is fair, reasonable, and adequate and should be approved by the Court;

  h. to consider the Class Representative's application for an award of an incentive fee;

  i. to rule upon such other matters as the Settlement Agreement contemplates and as the Court may deem just and proper.

10. Any application by Plaintiff's Counsel for attorneys' fees and reimbursement of expenses, and all papers in support thereof, will be filed with the Court and served on all counsel of record no less than ten (10) days before the Settlement Fairness Hearing.

11. The Court having determined preliminarily that this action may proceed as a non-opt-out class action under Fed. R. Civ. P. 23(a) and 23(b)(1) and (b)(2), class members will be bound by any judgment in this action, subject to the Court's final determination at the Settlement Fairness Hearing as to whether this action may so proceed.

12. The Court will consider comments or objections to the certification of the Class under Fed. R. Civ. P. 23(a) and 23(b)(1) and (b)(2), the proposed Settlement, the Plan of Allocation, the award of attorneys' fees and reimbursement of expenses, and an incentive payment to the Class Representative at the Settlement Fairness Hearing, but only if such comments or objections, and any supporting papers, are filed with the Clerk of the Court, United States District Court for the District of Massachusetts, One Courthouse Way, Boston, MA 02210, no less than _____ days before the Settlement Fairness Hearing, and, by the same date, copies of all such papers are also served on each of the following persons:

>   Karen L. Morris
>   Patrick F. Morris
>   Morris and Morris LLC
>       Counselors at Law
>   1105 N. Market Street, Suite 803
>   Wilmington, DE 19801
>   302-426-0400
>   email: kmorris@morrisandmorrislaw.com
>
>   Dennis E. Glazer
>   Davis Polk & Wardwell
>   450 Lexington Avenue
>   New York, NY 10017

    212-450-4000
    email: dglazer@dpw.com

Written objections must provide a detailed statement of the objector's specific objections to any matter before the Court and all the grounds therefor, and must include all documents such person wishes the Court to consider.

  13. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, the requests for attorneys' fees and reimbursement of expenses, or the request for an incentive payment to the Class Representative must state in their written objection(s) their intention to appear at the hearing. Such persons must identify in their written objection(s) the names of any witnesses they may call to testify and any exhibits they intend to introduce into the evidence at the Settlement Fairness Hearing. Class members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.

  14. No person will be entitled to object to the proposed Settlement, to the final judgment to be entered in this Action, to any award of attorneys' fees or expenses, or otherwise to be heard, except by filing and serving written objections (and, if such person wishes to be heard at the Settlement Fairness Hearing, a written notice of intention to appear) in the form and manner, and by the date, required by the Notice. Any person who fails to object in the manner and by the date required will be deemed to have waived any objections, and will forever be barred rom raising such objections in this or any other action or proceeding.

  15. Pending final determination of whether the proposed Settlement should be approved, the parties, all members of the Class, the Plans, and the Plans' fiduciaries are each hereby barred and

enjoined from instituting or prosecuting any action that asserts any Released Claim against any Released Person.

16.     If the Settlement Agreement is terminated pursuant to the provisions of Section 13.7 thereof, this Preliminary Order will be null, void, and of no further force or effect, and each party to the Settlement Agreement will be restored to his, her, or its respective position as it existed prior to the execution of the Settlement Agreement.

17.     The Court hereby retains jurisdiction for purposes of implementing the Settlement Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement and reimbursement of Administrative Expenses, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

**SO ORDERED** this _____ day of _____, 2005.

_____
HON. JOSEPH L. TAURO
UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS