EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

*Fescina v. CVS Corporation, et al.*           )
*Civil Action No. 04-12309-JLT*                )
_____

**ORDER AND FINAL JUDGMENT**

This action came on for a final hearing on a proposed settlement (the "Settlement") of this conditionally certified class action and the issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED:**

1.  To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation and Agreement of Settlement of ERISA Actions dated July 1, 2005 (the "Settlement Agreement").

2.  The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all members of the Settlement Class, and all Defendants.

3.  The Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate Settlement and compromise of this Action, adopts the Settlement Agreement as its judgment, and orders that the Settlement Agreement shall be herewith effective, binding, and enforced according to its terms and conditions. Among the factors considered by the Court in concluding that the Settlement is fair, reasonable, and adequate are: (i) that cases involving investment of ERISA plan assets in company stock represent an unsettled

and developing area of the law; (ii) that the Defendants would assert numerous substantive defenses, including the arguments that a "presumption of prudence" applies to investment of plan assets in company stock; (iii) that Settlement removes the risks, delay, and costs to the Plans and the Class associated with continued litigation and delivers assured benefits to the Class (while preserving Class members' rights to participate in the proposed settlement of the Securities Action to the extent they may be eligible under that settlement agreement); and (iv) that the governance changes imposed by the Settlement Agreement provide significant benefit to Class members, in addition to the cash payments to be made under the Agreement.

4. The Court determines that the Settlement has been negotiated vigorously, in good faith, and at arm's length by the Plaintiff and his counsel on behalf of the Plans and the Settlement Class, and further finds that, at all times, the Plaintiff has acted independently and that his interests are identical to the interests of the Plans and the Settlement Class, and that Plaintiff has at all times adequately represented the Class. Accordingly, the Court determines that the negotiation and consummation of the Settlement by the Plaintiff on behalf of the Plans, the Plans' fiduciaries, and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§406(a) or (b).

5. The Court determines that the Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Such Notice provides valid, due, and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Settlement Agreement, to all persons entitled to such notice, and such

Notice has fully satisfied the requirements of Rule 23, Fed. R. Civ. P. and the requirements of due process.

6. The Court hereby approves the maintenance of this Action as a class action for purposes of the Settlement pursuant to Fed. R. Civ. P. Rule 23(a) and 23(b)(1) and (b)(2). Specifically, the Court finds that: (a) the number of members of the Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named Plaintiff are typical of the claims of the Class; (d) the named Plaintiff has and will fairly and adequately represent the interests of the Class; and that: (e) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants; (f) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members of the Class; (g) Defendants are alleged to have acted or refused to act on grounds generally applicable to the class; and (h) Plaintiff seeks relief which is predominantly injunctive or declaratory in nature, and monetary relief sought therewith flows directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief.

7. The Court hereby approves the maintenance of the Action as a class action for settlement purposes only pursuant to Fed. R. Civ. P. Rule 23(a), 23(b)(1) and (b)(2), with the class being defined as follows:

> All persons, other than persons who are named as Defendants in the Amended Complaint and their immediate family members, who were participants or beneficiaries under the CVS ERISA Plans during any portion of the Class Period (December 1, 2000 and October 30, 2001)

and who held, purchased, acquired or had contributed CVS Stock in their plan account(s) at any time during the Class Period.

8. The Court hereby dismisses the Amended Complaint and the Action against the Defendants with prejudice and on the merits, and without taxation of costs in favor of or against any party.

9. As of the date of Final Approval of Settlement (as defined in the Agreement), the Plaintiff, and each member of the Class on his, her or its own behalf and on behalf of his, her or its respective heirs, executors, administrators, past and present partners, officers, directors, agents, attorneys, predecessors, and assigns, will have released, and will be deemed to have released, each and all of the Released Persons from the Released Claims, and the Defendants will be deemed to have released the Plaintiff, the Settlement Class and Class Counsel from the Released Claims, in accordance with the terms of the Agreement.

10. The Plaintiff, Plans, the Plans' fiduciaries, all members of the Settlement Class, and any other parties are hereby permanently barred and enjoined from instituting or prosecuting, either directly, indirectly, or in a representative capacity, any other action in any court asserting any and all Released Claims against any and all Released Persons. Defendants are hereby permanently barred and enjoined from instituting or prosecuting, either directly, indirectly, or in a representative capacity, any other action in any court asserting any and all Released Claims against Plaintiff, the Settlement Class and Class Counsel.

11. All parties are hereby permanently barred and enjoined from the institution and prosecution, either directly, indirectly, or in a representative capacity, of any actions against any Defendants, their Related Parties, Defendants' Counsel, any member of the Settlement Class, or

Class Counsel based on the amount of any Settlement claim issued pursuant to the Plan of Allocation approved in the Final Approval of the Settlement.

12. The Court hereby decrees that neither the Settlement Agreement nor the Settlement nor this Order and Final Judgment is an admission or concession by any Defendant of any liability or wrongdoing. This Order and Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this Action. Neither the Settlement Agreement nor the Settlement nor the Order and Final Judgment nor the settlement proceedings nor the settlement negotiations nor any related documents will be offered or received in evidence as an admission, concession, presumption or inference against any Defendant in any proceeding, other than such proceedings as may be necessary to enforce or consummate the agreement.

13. The Court awards attorneys' fees and expenses to Plaintiff in the amount of $_____$, and awards an incentive compensation in the amount of $_____$ to the Class Representative, such amount to be paid as set forth in the Settlement Agreement. Except as otherwise provided herein or in the Settlement Agreement, each party will bear its own fees, expenses, and costs. Class Counsel will allocate the award of attorneys' fees among counsel for the Class based on their good-faith assessment of the contribution of such counsel to the prosecution of this Action.

14. Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Settlement Agreement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement and Settlement and reimbursement of Administrative Expenses, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


**SO ORDERED** this _____day of _____, 2005.

_____
HON. JOSEPH L. TAURO
UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS