# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

---

JAMES FESCINA, Individually and On Behalf of All Others Similarly Situated,

        Plaintiff,

vs.

CVS CORPORATION, THOMAS M. RYAN, STANLEY P. GOLDSTEIN, EUGENE APPLEBAUM, W. DON CORNWELL, THOMAS P. GERRITY, MARIAN L. HEARD, WILLIAM H. JOYCE, TERRENCE MURRAY, SHELI Z. ROSENBERG, IVAN G. SEIDENBERG, DAVID RICKARD, ZENON P. LANKOWSKY, ROSEMARY MEDE, and UNKNOWN FIDUCIARY DEFENDANTS 1-100,

        Defendants.

Civil Action
No. 04-12309- JLT

---

**DECLARATION OF DEBORAH R. GROSS IN SUPPORT OF PETITION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES FILED BY LAW OFFICES BERNARD M. GROSS, P.C.**

**COMMONWEALTH OF PENNSYLVANIA**   :
                                               : SS
**COUNTY OF PHILADELPHIA**             :

      I, Deborah R. Gross, being duly sworn, depose and say:

      1.     I am with the firm of Law Offices Bernard M. Gross, P.C. I am submitting this Affidavit in support of my firm's application for an award of attorneys' fees and reimbursement of expenses in connection with the services rendered to plaintiff and the Class by my firm in the course of the above-captioned litigations (the "Litigation").

      2.     This firm, as counsel of record for plaintiff, commenced an action against CVS Corporation and certain individual defendants.

3. The chart attached hereto as Exhibit 1 contains a summary of the time spent by the attorneys of my firm on the Litigation, and the lodestar calculation based on my firm's current billing rates. The chart includes the name of each attorney who worked on the Litigation, the hours expended and their current hourly billing rate. The chart was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm. Time spent in preparing this Affidavit in support of my firm's application for fees and reimbursement of expenses and any other time related to billing or periodic time reporting has not been included in this chart summarizing my firm's hours and lodestar.

4. The attorneys of my firm were involved in all aspects of this litigation.

5. From the inception of the case through August, 2005 of my incurred a total of 238.50 hours on behalf of plaintiffs and the Class in the Litigation. The total lodestar amount of these attorney hours based on my firm's current hourly billing rates is $110,387.50. The hourly rates set out in the chart as Exhibit 1 are the same rates my firm charges it hourly clients paying for its services on a non-contingent basis.

6. My firm expended a total of $11,304.35 in unreimbursed expenses in connection with the prosecution of the Litigation broken down in categories in the chart attached hereto as Exhibit 2.

7. The expenses incurred pertaining to this case are reflected on the books and records of this firm. These books and records are prepared from expense vouchers and check records prepared in the normal course of business and are an accurate record of the expenses incurred.

8. With respect to the standing of counsel in this case, attached hereto as Exhibit 3 is a brief biography of my firm as well as brief biographies of the principal attorneys of my firm who worked on the Litigation.

_____
DEBORAH R. GROSS

SWORN TO AND SUBSCRIBED
before me this 22nd Day
of August, 2005

_____
NOTARY PUBLIC

NOTARIAL SEAL
SUSAN G GORDON
Notary Public
PHILADELPHIA CITY, PHILADELPHIA COUNTY
My Commission Expires Mar 5, 2009

3

## CVS LITIGATION

### TIME FROM INCEPTION THROUGH AUGUST 2005

| ATTORNEY | TOTAL HOURS | HOURLY RATE | CURRENT LODESTAR |
|---|---|---|---|
| Bernard M. Gross | 0.25 | $560 | $140.00 |
| Deborah R. Gross | 136.25 | $530 | $72,212.50 |
| Susan R. Gross | 62.00 | $385 | $23,870.00 |
| Tina Moukoulis | 14.50 | $335 | $4,857.50 |
| Darin Morgan | 25.50 | $365 | $9,307.50 |
| **TOTALS:** | **238.50** | | **$110,387.50** |

**EXHIBIT "1"**

# CVS LITIGATION

## EXPENSES FROM INCEPTION THROUGH AUGUST 2005

| CATEGORY | AMOUNT |
|---|---|
| Photocopies | $2,190.44 |
| Telephone/Fax | 99.44 |
| Postage/Express Mail | 177.19 |
| Travel, Food, Lodging | 815.45 |
| Expert | 7,007.50 |
| Legal Research/Lexis | 772.33 |
| Court Filings | 242.00 |
| **TOTALS:** | **$11,304.35** |

EXHIBIT "2"

## BIOGRAPHICAL BACKGROUND OF LAW OFFICES BERNARD M. GROSS, P.C.

The Law Offices Bernard M. Gross, P.C. and its predecessors, including Gross & Metzger, P.C. has been primarily involved in the field of litigation on behalf of plaintiffs since its inception thirty (30) years ago.

A background of the members of the Law Offices Bernard M. Gross, P.C., who were actively engaged in the prosecution of this litigation, are as follows:

**Bernard M. Gross** is a graduate of Central High School of Philadelphia (B.A. 1952), the University of Pennsylvania Wharton School (B.S. 1956), and the University of Pennsylvania School of Law (L.L.B. 1959). Mr. Gross has been an active member of The Association of Trial Lawyers of America since 1960. In 1990 he received the "Stalwart" award from The Association of Trial Lawyers of America. Bernard M. Gross was a member of the House of Delegates of the Pennsylvania Bar Association (1988-1993). He is a former member of the Board of Governors of the Pennsylvania Trial Lawyers Association and currently a member of the Legislative Policy Committee of the Pennsylvania Trial Lawyers Association. Mr. Gross was a member of the Board of Governors of the Philadelphia Bar Association, a past President of the Philadelphia Trial Lawyers Association, past Chairman of the Philadelphia Bar Association Committee on Judicial Compensation and former Chairman of its Civil Legislative Committee. He is formerly Chancellor of the Tau Epsilon Rho Law Fraternity Philadelphia Graduate Chapter. Mr. Gross is a former member of the Pennsylvania General Assembly (1967-70). He is a former Assistant City Solicitor in charge of bonds and contracts for the City of Philadelphia (1961-64). He has lectured on behalf of the Philadelphia Trial Lawyers

**EXHIBIT "3"**

Association and the Pennsylvania Trial Lawyers Association. He has participated in many complex federal and class actions, including antitrust, consumer fraud and corporate securities litigation.

**Deborah R. Gross** is a graduate of the University of Pennsylvania Wharton School (B.S. 1982) and Boston University School of Law (J.D. 1985). She is admitted to practice before the Supreme Court of Pennsylvania (11/20/85), the Supreme Court of Massachusetts(12/17/85), the United States District Court for the Eastern District of Pennsylvania(11/29/85), the United States District Court for the District of Massachusetts(1/28/86), the United States Court of Appeals for the Third Circuit(11/18/87), and the United States Supreme Court(6/18/90). Prior to joining the firm in June, 1987, Ms. Gross was an associate at Berman, DeValerio & Pease, a Boston, Massachusetts firm, specializing in securities fraud class action litigation. She was or is presently lead or co-lead counsel in Kaufman v. Motorola, Inc., et. al., Civil Action No. 95-C-1069 (N.D. Ill.); In Re Aetna, Inc. Securities Litigation, MDL Docket No. 1219 (E.D. Pa.); Axler v. Wagner, C.A. No. 94-3097 (E.D. Pa.); Stein v. Residential Resources Securities Litigation, 89-66 (D. Ariz.); In re American Travellers Corp. Securities Litigation, CV 92-1304 (E.D. Pa.); McDaid v. Piper Jaffray Cos., CV 94-454 (D. Dela.); In re Midlantic Corporation Shareholder Litigation, Master File No. 90-1275 (D.N.J.); In re The Dime Savings Bank of New York, FSB, Securities Litigation, CV No. 89-2189 (JM) (E.D.N.Y.); Smith v. Nicolet Instrument Corp., et. al., CV 92-C-388-C (W.D. Wisc.); Decker, et al. v. Glenfed, et. al., CV-91-0344 (C.D. Cal.); and In Re Loewen Group Securities Litigation, MDL Docket No. 1100 (E.D.Pa.); Tinkler v. Hasler, et. al., No. 776206-4 (Sup. Court of Calif.); Stong v. Saylor, et al., No. 18138NC (Chancery State of Delaware, New Castle County); and In re

EquiMed Securities Litigation, Master File No. 98-CV-5374 (E.D.PA). Ms. Gross participated as a panelist at the ABA Litigation Section 15th Annual Fall Meeting on Trends in the Law of the Award of Attorney's Fees in Class Actions. Since 1998 she has served as a panelist on the yearly federal securities law forum sponsored by the Philadelphia Bar Education Center and the Pennsylvania Bar Institute. Ms. Gross was Chair of the Federal Courts Committee of the Philadelphia Bar Association. She was responsible for organizing the June 1998 Bench Bar Conference of the Philadelphia Bar Association. Ms. Gross is a member of the Third Circuit Judicial Council Bench Bar Relations Committee. In 2002, Ms. Gross was a guest panelist at the University of Chicago Graduate School of Business, 50th Annual Management Conference. She spoke on the topic of "Accounting in Crisis - Who Watches the Watchdogs?" In 2003, Ms. Gross also spoke at The Directors' Conference, a three day intensive program for directors and senior executives to explore the fundamentals of corporate governance and board service offered by the University of Chicago Graduate School of Business, Stanford Law School and the Wharton School of the University of Pennsylvania. She discussed the legal issues surrounding audit committee qualifications, responsibility and content. Ms. Gross was a panelist on the 2004 Federal Bench Bar Conference for the Philadelphia Bar Association speaking on changes to the Rule 23 of Fed.R.Civ.P.

**Susan R. Gross** is a graduate of Hofstra University in Hempstead, New York (B.A. 1985) and Suffolk University School of Law (J.D. 1989). She is admitted to practice before the Supreme Court of Pennsylvania, the Supreme Court of Florida, the United States District Court for the Eastern District of Pennsylvania and the United States Court of

Appeals for the Third Circuit. She is a member of the Philadelphia Bar Association and Pennsylvania Trial Lawyers Association.

**Tina Moukoulis** graduated from Ursinus College (B.A. 1993) and Pennsylvania State University at the Dickinson School of Law (J.D. 1998). During law school, Ms. Moukoulis was a member of the Dickinson Law Review and served as a Student Attorney representing indigent clients in domestic matters through the Dickinson Family Law Clinic. Ms. Moukoulis also served as a judicial intern in the Superior Court of Pennsylvania (1996). Since joining the firm in 1998, she has concentrated her practice in antitrust and securities class action litigation. Ms. Moukoulis was or is presently litigating: Electric Carbon Products Antitrust Litigation, MDL No. 1514 (D.N.J.); In Re Automotive Refinishing Paint Antitrust Litigation, MDL No. 1426 (E.D. Pa.); In re Aetna Inc. Securities Litigation, MDL No. 1219 (E.D. Pa.); Kaufman v. Motorola, Inc., No. 95 CV 1069 (N.D. Ill.); In Re Verisign Corp. Securities Litigation, No. 02-CV-2270 (N.D. Cal.); In re Adelphia Secs. Litig., Master File No. 02-1781 (E.D. Pa.); In re Corel Corp. Secs. Litig., No. 00-CV-1257 (E.D. Pa.); In re Cell Pathways, Inc. Secs. Litig., (Master File No. 99-752) (E.D. Pa.).

Ms. Moukoulis is admitted in Pennsylvania, the Eastern District of Pennsylvania, New Jersey, the District of New Jersey, and the Third Circuit Court of Appeals.

Members of the Law Offices Bernard M. Gross, P.C. have been or are counsel for class action plaintiffs in a number of complex actions, a representative sample of which includes:

    (a)    In re Gas Meters Antitrust Litigation, M.D.L. Docket No. 360 (E.D. Pa.);

    (b)    In re Art Materials Antitrust Litigation, M.D.L. Docket No. 436 (N.D. Ohio);

(c) In re Corn Derivatives Antitrust Litigation, M.D.L. Docket No. 414 (D.N.J.);

(d) In re Electric Weld Steel Tubing Antitrust Litigation, No. 79-4628 (E.D. Pa.);

(e) Cohen, et al. v. MacAndrews & Forbes, Inc., et al., C.A. No. 7309 (Del. Ct. of Chancery);

(f) Rosen v. Orfa Corp. of America, Master File No. 86-1121 (D.N.J.);

(g) In re U.S. Healthcare Securities Litigation, Master File No. 88-0559 (E.D. Pa.);

(h) Holtz v. National Business Systems, Inc., Civil Action No. 88-1755 (D.N.J.);

(i) Mark J. Maiocco v. Olin Ski Co., Inc., No. 79-4045 (E.D. Pa. 1980);

(j) Priest v. Zayre Corporation, Civil Action No. 86-2411-Z (D. Ma.);

(k) In re Texas International Securities Litigation, M.D.L. No. 604 (W.D. Okla.);

(l) In re Home Unity Shareholder Litigation, Civil Action No. 87-5609 (E.D. Pa.);

(m) In re Lilco Securities Litigation, Civil Action No. 84-0588 (E.D.N.Y.);

(n) In re First Jersey Securities Litigation, M.D.L. Docket No. 861 (E.D. Pa.);

(o) In re Glassine and Greaseproof Paper Antitrust Litigation, M.D.L. Docket No. 475 (E.D. Pa.);

(p) In re: First Fidelity Bancorporation Securities Litigation, Master File No. 88-5297 (D.N.J.);

(q) Stein v. Residential Resources, Civil Action No. 89-0066 (D. Ariz.);

(r) Nemo v. Astrotech International Corp.,
Civil Action No. 85-982 (W.D. Pa.);

(s) In re Water Heater Antitrust Litigation,
M.D.L. Docket No. 379 (E.D. Pa.);

(t) In re Caesars World Shareholder Litigation,
M.D.L. Docket No. 496 (D.N.J.);

(u) In re Gulf Oil/Cities Service Tender Offer Litigation,
Master File No. 82, C.A. No. 5253 (R.O.)(S.D.N.Y.);

(v) In re Nucorp Energy Securities Litigation,
M.D.L. Docket No. 574 (S.D. Cal.);

(w) In re American Integrity Securities Litigation,
Master File No. 86-7133 (E.D. Pa.);

(x) Meshel, et al. v. Nutri/System, Inc., et al.,
C.A. No. 83-1440 (E.D. Pa.);

(y) In re Oak Industries Securities Litigation,
C.A. No. 83-0573G (S.D. Cal.);

(z) Spilove v. Anderson,
CV-81-833-R (C.D. Cal.)
(Mattel Securities Litigation);

(aa) In re AIA Securities Litigation,
Master File No. 84-2276 (E.D. Pa.);

(bb) In re MDC Holdings Securities Litigation,
Master File No. 89-0090 (S.D. Cal.);

(cc) In re Eagle Computer Securities Litigation,
Master File No. 84-20382 (N.F. Cal.);

(dd) In re Atlantic Financial Securities Litigation,
Master File No. 89-0645 (E.D. Pa.);

(ee) In re Craftmatic Securities Litigation,
Master File No. 88-4530 (E.D. Pa.);

(ff) Barry Greene, et al. b. August DeAngelo, et al.,
(C.D. Cal.) 90-0100;

(gg)  In re Goodyear Securities Litigation,
Master File No. 88-8633 (E.D. Pa.);

(hh)  In re Genentech Securities Litigation,
Master File No. 88-4038 (N.D. Cal.);

(ii)  In re Midlantic Corporation Shareholder Litigation,
Master File No. 90-1275 (D.N.J.);

(jj)  In re SmithKline Securities Litigation,
Master File No. 88-7474 (E.D. Pa.);

(kk)  In re Flight International Securities Litigation,
Master File No. 89-CV-2211-JTC (N.D. Ga.)

Judges through the country have recognized contributions of the law firm in class action cases. Recently, in approving an $82.5 million dollar settlement of a securities fraud lawsuit against Aetna in which Bernard M. Gross, P.C. was co-lead counsel, Judge Padova stated: "Furthermore, class counsel is of high caliber with extensive experience in similar class action litigation . . . consistently submitted documents superb quality, and were very diligent in preparing filings in a timely manner under tight deadlines. . . This Court has made special note of the efficiency and professionalism of counsel in completing discovery and resolving discovery disputes with little court intervention." In re Aetna Inc. Securities Litigation, MDL No. 1219 (E.D.Pa. January 5, 2001). Judge Weiner, a former member of the Judicial Panel on Multidistrict Litigation, in reviewing Gross & Metzger's fee application in In Re Gas Meters Antitrust Litigation, 500 F Supp. 956 (M.D.L. No. 360) (E.D. Pa. 1980), commented on Gross & Metzger's representation:

> The settlements obtained by the applicants [Gross & Sklar represented one of the three class representatives] are excellent as to amount. The standing and ability of the applicants certainly contribute in producing the fund obtained and the efficiency in which it was obtained. This complex litigation

7

could have burdened the trial and appellate courts for a great length of time had it not been settled.

Judge Bechtle in the Consumer Bags Antitrust Litigation, Civil Action No. 77-1516 (E.D. Pa.), Slip Opinion dated August 26, 1980, stated with respect to petitioner:

> The Court finds that the hourly rates submitted are within the range of reasonable rates received by counsel of high caliber at the time of this litigation. Each of the firms and the individual lawyers in this case have extensive experience in large, complex antitrust and securities litigation.
>
> Furthermore, the Court notes that the quality of the legal services rendered was of the highest caliber.

Chief Judge Weinstein in In Re Wiring Device Antitrust Litigation, M.D.L. No. 331 (E.D.N.Y.) hearing dated September 8, 1980, commented on plaintiffs' counsel in Wiring Devices, of which Gross & Metzger, P.C. was one of plaintiffs' counsel:

> Counsel for the plaintiffs I think did an excellent job ....   They are outstanding and skillful.
>
> The litigation was and is extremely complex. They assumed a great deal of responsibility. They recovered a very large amount given the possibility of no recovery here which were in my opinion substantial.
>
> \*   \*   \*
>
> The papers and the other actions of the attorneys have been observed by the court and the court believes they have resulted in savings of enormous time ... and have permitted the largest sum possible as a result of their skill in reducing outlays of legal time in the actual claimants.

In the Philadelphia Contributionship case, 73 Pa. D.&C. 2d 654 (Phila. 1975), Judge Kalish stated:

> Moreover, Mr. Gross has proven himself to be a competent attorney. His presentation has reflected diligent and careful attention to the interests of the class his client purports to represent.

8

In <u>PNB Mortgage and Realty Investors by James M. Richardson v. Phila. National Bank, et al.</u>, Civil Action No. 82-5023 (E.D. Pa.), Judge Raymond Broderick approved the settlement of a shareholders' derivative action, in which Gross & Metzger, P.C. represented the plaintiff, where the risks in establishing liability were viewed by the Court as "substantial," and the benefit conferred by the settlement was a definite improvement in the advisory agreement and the saving of advisory fees to be paid by the real estate investment trust on behalf of whose shareholders that action had been commenced. In addition to finding that the settlement was fair, adequate and reasonable, the Court, in awarding attorneys' fees, found that counsel "performed quite capably in this litigation."

In May, 1984, Judge Charles Weiner, in <u>Meshel, et al. v. Nutri/System, Inc., et al.</u>, 102 F.R.D. 135 (E.D. Pa. 1984), awarded attorneys' fees to plaintiffs' counsel including Gross & Metzger, P.C. In granting counsel's fee application, Judge Weiner approved the rates charged by counsel as being reasonable and recognized that the standing, skill and ability of counsel, such as Gross & Metzger, P.C., contributed to creating an excellent settlement in an efficient manner.

As Judge Krupansky, of the United States Court of Appeals for the Sixth Circuit, in his Slip Opinion in <u>In Re Art Materials Antitrust Litigation</u>, M.D.L. docket No. 436 (N.D. Ohio 1983), awarding counsel fees to plaintiffs' counsel, Gross & Metzger, P.C., being one of the lead plaintiffs' counsel in the action commented:

> Finally, the court unhesitantly concludes that the quality of the representation rendered by counsel was uniformly high. The attorneys involved in the litigation are extremely experienced and skilled in the prosecution of antitrust litigation and other complex actions. Their services have been rendered in an efficient and expeditious manner, but have nevertheless been productive of a highly favorable result. Therefore, this court concludes that the applicants are entitled to an award of fees and reimbursement of expenses

9

out of the settlement fund, and that, pursuant to the principles hereinabove articulated, they are entitled to a multiple of their standard and historic fees....

In In Re Oak Industries Securities Litigation, Master File No. 83-0537-G(M) (S.D. Cal.) the court praised counsel, including Gross & Metzger, P.C., in approving a settlement in principal amount of $32.25 million:

> There can be no doubt that the public good was fully served by the attorneys for the plaintiffs in this case, because they invested their own time, their own money, they invested their special skills and knowledge to vindicate the rights and interests of the thousands of investors who invested their money and placed their trust in the integrity of the securities market.
>
> I don't mean to demean the effort or the effectiveness of the government-funded regulators, but it is this Court's opinion, not only based on this case, but other cases, that Congress, by providing the class-action provisions of the Federal Rules of Civil Procedure, has provided a far more effective regulatory device, because, by using these provisions as tools, as they were used here, by highly skilled, highly motivated private law firms working within what I believe to be the universally accepted private-enterprise system, with the objective to safeguard the rights of the largely naive investing public, I think that's what occurred here; and this is a classic example of how well it can work.
>
> . . . [T]he achievement of plaintiffs' counsel . . . was superior.
>
> . . . [T]he manner in which this case was . . . litigated by counsel . . . for the plaintiffs . . . should serve as a textbook example of how these cases should be conducted.

Judge Wexler in In re Lilco Securities Litigation, Civil Action No. 84-0588, awarded plaintiffs' counsel its requested lodestar multiplied by 2.0 multiplier. Similarly, Judge Irving in In re Nucorp Securities Litigation, MDL 514 (S.D. Cal.) awarded Gross & Metzger, P.C. its attorneys' fees and expenses plus 10%.