August 23, 2005
Fescina V. CVS Corporation et. al.
Civil Action No.04-12309-JLT

Bobby G. Hawkins
216 Pinkston St.
Henderson, NC 27536
(252) 430-7842

Dear Sirs:

I "object" to the Settlement in Fescina V. CVS Corporation et. AL., due to the fact that I did not sign a wavier in order to receive, my Severance Package. By signing their waivers I feel that the Employees only gave CVS the incentative to become part of this lawsuit. Therefore I feel that CVS still owes me my "Severance Package." Plus interest

Thanks,

Bobby G. Hawkins

Dear Bobby:

We regret to inform you that CVS has decided to eliminate your position. This difficult decision was made as a result of changing business needs and economic demands and after careful consideration. Accordingly, your employment with the company will terminate effective 03/15/02.

In light of the company's decision, the company is making severance pay and outplacement assistance available to employees whose positions are being eliminated. In order to receive these benefits, you must sign the Separation Agreement and General Release ("Agreement"), set forth in this letter and return the letter within the timeframe explained at paragraph 14 below. You should keep a copy for your files.

Please review the Agreement carefully (with an attorney if you wish) and, if it meets with your approval, sign the Agreement in the space indicated on the last page. By signing this Agreement, you are indicating your acceptance of all of the terms set forth herein.

1. It is mutually agreed by and between Bobby Hawkins (hereinafter referred to as "You" and/or "Your" and/or "Employee") and CVS Corporation and each of its past, present and future affiliates, subsidiaries, divisions, officers and directors (collectively "CVS" or "Employer") that the employment relationship between You and CVS shall end as of 03/15/02. This Agreement sets forth all of the terms and conditions for the termination of Your employment relationship with CVS and the release of any and all claims that You believe You might have against CVS.

2. You shall be paid Your normal and customary wages for services rendered through 03/15/02, subject to all required and voluntary withholdings.

3. Subject to the terms of this Agreement, CVS shall make severance payments at the regular hourly rate of pay at the time of your release times 40 hours per week, subject to all required and voluntary withholdings, for the period from 03/15/02 through 07/05/02. You acknowledge that the severance payments are in excess of any earned wages or any other amounts due and owing and are good and valuable consideration for the release herein contained. You understand and agree that You are not eligible for or entitled to other payments except as provided in this Agreement.

4. You will be paid whatever vacation eligibility You have remaining, less time taken since Your last update.

5. You are entitled to a retention payment which you will receive with your first severance check, or soon thereafter.

6. Your Medical and Dental insurance coverage will continue until 07/05/02 Thereafter, You may elect to continue coverage at the rate and to the extent permitted under COBRA. You agree to notify CVS when You are eligible to participate and/or begin participation in a new employer's benefit plan. You understand and agree that CVS may modify its premium structure, the terms of its Plans, and the coverage of the Plans at any time subject only to applicable law.

7. Your life insurance shall continue through 03/15/02. To receive additional information regarding Your life insurance conversion options; You must contact ReliaStar Life Insurance 800-842-1350 within 31 days of the termination effective date.

8. Your other benefits (not listed above) shall cease on the Termination Date. Except as specifically set forth above, You shall be entitled to no other employee benefits or other remuneration or compensation, except as required by law.

9. Employee knowingly and voluntarily does hereby remise, and forever discharge CVS Corporation, and each of its divisions, affiliates, subsidiaries and operating companies, and the respective officers, directors, employees, agents and affiliates of any of them (collectively and separately hereinafter referred to as "Employer") of and from any and all manner of actions, causes of actions, suits, proceedings, complaints, charges, debts, dues, contracts, judgments, damages, claims, attorneys fees and demands whatsoever, whether known or unknown and whether or not founded in fact or law or in equity, which against said Employer Employee ever had, now has or which Employee or Employee's heirs, executors, administrators, successors or assigns may have for or by reason of any matter, cause or thing whatsoever relating to Employee's employment, compensation and benefits and termination of Employee employment including, but not limited to, any claim that Employee termination breached any contract of employment or violated any federal, state or local law or regulation relating to discrimination, including: the National Labor Relations Act, as amended; Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act of 1974, the Immigration Reform Control act, as amended; the American with Disabilities Act of 1990; the Family Medical Leave Act; the Age Discrimination in Employment Act of 1967, as amended; the Fair Labor Standards Act, as amended; the Occupational Safety and Health Act, as amended; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; any public policy, contract, tort, or common law; or any allegation for costs, fees, or other expenses including attorney's fees incurred in these matters. Nothing herein is intended to or shall preclude Employee from filing a complaint and/or charge with any appropriate federal, state, or local government agency enforcing federal discrimination laws and/or cooperating with said agency in its investigation. Employee, however, shall not be entitled to receive any relief, recovery, or monies in connection with any complaint or charge brought against Employer, without regard as to who brought any said complaint or charge.

10. It is expressly understood and agreed that this Agreement and its provisions shall not be considered in any way as an admission of any wrongdoing by CVS Corporation or any of its affiliates or subsidiaries.

11. If any term or provision of this Agreement, except the Employee Release set forth in paragraph 9, above, be declared illegal, invalid or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. In the event any provision of this Agreement

set forth, except Your waiver of rights under the Age Discrimination in Employment Act, is deemed illegal, invalid or unenforceable and You bring any claim, charge or lawsuit against CVS, You shall be liable to CVS for the full amount of consideration received in accordance with this Agreement.

12. The severance payments made to You as specified herein are payable to You only during Your lifetime; and You expressly agree that this Agreement shall be binding upon Your heirs, administrators, successors, and assigns and shall inure to the benefit of CVS Corporation and their respective officers, directors, servants, agents, or employees.

13. Attached, as Exhibit "A" is a list of the job titles and ages of all individuals eligible for severance payments as a result of their termination from employment in connection with the position eliminations or other separations occurring in January, 2002 through April, 2002. Also included is a list of the job titles and ages of all individuals who were not selected for the January, 2002 through April, 2002 position eliminations or other separations and are ineligible for severance payments.

14. **In compliance with the Older Workers Benefit Protection Act, You acknowledge that You have not been coerced into signing this Agreement and that You have had the opportunity to read and review this Agreement with your own counsel before signing. You have up to forty five (45) days after receiving this Agreement to consider whether to sign this Agreement; and after You sign, You have up to seven (7) days of the date on which You executed the Agreement to revoke Your decision to sign this Agreement. Any revocation within the applicable seven (7) day period must be signed and submitted in writing to CVS, Attention: Craig Wright and state, "I hereby revoke my acceptance of our agreement and General Release". In such an event, the revocation shall make this Agreement and its terms and conditions null and void and shall be deemed effective on the date received by Craig Wright.**

Modifications, if any, to the Agreement, whether material or immaterial, will not restart the consideration period.

| **EMPLOYEE** | **CVS CORPORATION** |
|---|---|
| BY: _____ | BY: _____ <br> CHUCK MARTIN <br> SR. MANAGER, HUMAN RESOURCES |
| DATE: _____ | LOGISTICS <br> CVS CORPORATION |
| | DATE: _____ |

**CVS/pharmacy**

## PERSONAL AND CONFIDENTIAL
## SEPARATION SUMMARY

Name              : Hawkins Bobby
SSN               : 246865267
Date of Hire      : 07/14/1975
Date of Separation: 03/15/2002

### SEVERANCE

Number of Weeks   : 16.00
Start Date        : 03/15/2002
End Date          : 07/05/2002
Final Hourly Rate : $13.71
Retention Payment : $3,900.00 (Full years of service times $150.00)

### BENEFITS

| Benefit | Coverage Until | Comments |
|---|---|---|
| Medical/Dental/Rx | 07/05/2002 | Payroll deductions continue |
| Employee Discount | 03/15/2002 | Benefit ends |
| Life Ins./Supp. Life | 03/15/2002 | Conversions available within 31 days |
| Disability Insurance | 03/15/2002 | Coverage ends |
| Future Fund | 03/15/2002 | Contributions stop |
| ESPP | 03/15/2002 | Contributions stop |

### VACATION/SICK PAY

Any unused 2001 sick pay will be paid out per CVS guidelines.

Any unused 2001 vacation may be paid out.

Any unused 2002 vacation/sick pay (eligibility) will be paid out with the first severance check.

# CVS/pharmacy

Bobby Hawkins
216 Pinkston St
Henderson, NC  27536                                   November 1, 2001

Dear Bobby:

Effective April 1, 2002, the Henderson Distribution Center located at 1230 Andrews Avenue, Henderson NC, will be closed. This facility closure will be permanent and will effect all associates currently employed at the facility. Therefore, there will be no recall or bumping rights.

I anticipate that you will be placed on layoff between March 1, 2002 and March 15, 2002. However, if business conditions warrant, you may be asked to remain longer. As soon as I know your exact separation date, I will communicate it to you.

I know this will be a difficult adjustment for you. Listed below is a brief outline of what CVS is prepared to do to help you through the transition.
   1. 16 weeks salary continuation at your current rate times 40 hours*
   2. Medical benefits at your current elections and rates until your severance ends*
   3. Future Fund vesting upon separation (including company match)
   4. Payment of unused vacation and sick time
   5. On-site outplacement seminars offered by Right Associates*
   6. Service Letter to give prospective employers
   7. EAP representatives will be available for you and your family
   8. Relocation assistance (up to $5,000) to another CVS facility if desired
   9. To the extent possible we will facilitate state unemployment assistance
   10. Information as to how to access the state dislocated worker unit

**\* Contingent upon signing a general release and waiver.**

Your supervisor or a Human Resources Representative will be available to meet with you individually to explain how these programs will work. I am counting on your continued dedication to keep the Henderson Distribution Center functioning smoothly as long as is required.

If you have any questions, please don't hesitate to contact me at (252) 438-4104 extension 3406, or our Human Resources Department at extension 6311.

Regretfully

*Rolando Diez*
Rolando Diez
Director, Henderson DC

ONE CVS DRIVE, WOONSOCKET RI 02895    401-765-1500